■ DUKES OF DIXIELAND, Respondent, v. AUDIO FIDELITY, INC., Defendant-Appellant and Third-Party Plaintiff. JOSEPH P. DELANEY, Third-Party Defendant.— Order, entered July 12, 1962, denying defendant's motion for summary judgment dismissing the plaintiff's fourth cause of action, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs, but with leave to plaintiff to serve an amended complaint pleading a cause of action upon a *quantum meruit* basis in place of said fourth cause of action. The allegations of the fourth cause of action, as amplified by plaintiff's bill of particulars, indicate that plaintiff sues upon an alleged oral agreement, under which by the very terms set forth in the complaint and bill of particulars defendant's liability would continue for an indefinite time beyond a period of one year from the making of the contract. Plaintiff, which is the trade name employed by three musicians, seeks to recover, under the fourth cause of action, its agreed share of statutory mechanized royalties and public performance and other payments received by the defendant recording company and its publishing affiliate or designee on musical arrangements created by plaintiff. It is clear, however, that the oral agreement contemplated the reproduction, publication and public performance of plaintiff's musical arrangements and payments of royalties and related income for an unlimited period of time, beyond the period of one year. Therefore, by its terms the oral agreement is impossible of performance within a year and falls within the prohibition of the Statute of Frauds (*Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846; *Elsfelder* v. *Cournand*, 270 App. Div. 162). It is possible, however, that plaintiff is entitled to recover on a *quantum meruit* basis for the reasonable value of services actually rendered by it (*Elsfelder* v. *Cournand*, *supra*, p. 165). Order, entered on July 12, 1962, denying defendant's motion to vacate plaintiff's notice of examination before trial, unanimously modified, on the facts and the law, without costs, to the extent of striking items 4 and 6, which relate exclusively to plaintiff's fourth cause of action, inasmuch as that cause has been dismissed. The remaining items will be deemed applicable only to the three surviving causes of action in the complaint. Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

■ REBECCA H. WATKINS, Respondent, v. WILLIAM H. WATKINS, Appellant. — Judgment making certain support provisions in a separation action in which no decree of separation was entered (Civ. Prac. Act, § 1164), is unanimously modified, on the law and the facts, to the extent of directing payment of $600 a month for the support of plaintiff and the infant child of the marriage, as well as payment by defendant husband of real estate and water taxes and mortgage amortization and interest on the home in Connecticut owned jointly by the parties, reducing the counsel fee awarded to plaintiff's counsel to $1,000 in addition to the $350 already paid, striking all other provisions for payments and otherwise affirming, without costs. In the light of the evidence showing the established standard of living of the parties and the income of the husband, the additional provisions for payment directed by the trial court were excessive and have therefore been stricken. The court had power to provide that the wife occupy the house owned jointly by the parties and that the husband pay certain financing and other charges connected with the maintenance of the house (see Domestic Relations Law, §§ 234, 236). Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.