■ LAWRENCE GROSSBERG, Appellant, v DOUBLE H. LICENSING CORP. et al., Respondents. — Judgment of the Supreme Court, New York County (Bowman, J.) entered May 18, 1981, dismissing the plaintiff's complaint, unanimously modified, on the law, to the extent of reversing dismissal of the second cause of action and reinstating such cause, and, except as so modified, affirmed, without costs. This case arises out of the discovery of a tape of a performance by The Beatles, then a virtually unknown singing group. The performance took place at the Star Club in Hamburg, Germany, in 1962. The tape, which disappeared shortly after it was made, was the product of a handheld recorder operated by one "Tiny" Taylor, a full-time butcher. In 1972 Double H purchased the tape. Its quality was such that it could not be reproduced in a form fit for commercial usage. Accordingly, Halpern, president of Double H, employed plaintiff, a recording engineer to make a master recording capable of commercial use. Plaintiff contends, and the first cause of action alleges, that the agreement between the parties, which was oral, provided (1) that plaintiff was to be engaged as an independent record producer to produce a commercially marketable master record; (2) that he was to be reimbursed for his actual disbursements; and that he was to be paid a royalty of 2% on the retail price of all records sold throughout the world. On that cause of action plaintiff seeks an accounting. A second cause of action, bottomed on the doctrine of *quantum meruit* is also set forth. Shortly before the date fixed for trial defendants moved to amend their answer to include the defense of Statute of Frauds. That motion was granted. Thereupon defendants moved to dismiss the complaint asserting that the first cause of action was barred by the Statute of Frauds and that the agreement between the parties provided that plaintiff was to be reimbursed for his actual expenses and, in addition thereto, he was to be paid the sum of $7.50 per hour for time spent in producing the master recording and that such sum was paid to him. That motion was granted and plaintiff appeals from the judgment entered thereon. We agree that the dismissal of the first cause of action was warranted. The Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1) provides that an agreement which by its terms is not to be performed within one year must be in writing. In point of time, the agreement

alleged by plaintiff is open ended. Under it defendants' liability endured so long as a single record of the Star Club performance was sold anywhere in the world. In these circumstances the agreement could not be performed within one year and the statute is applicable (cf. *Dukes of Dixieland v Audio Fid.,* 19 AD2d 872). The second cause of action presents a somewhat different situation. The defendants contend that the agreement was to pay plaintiff $7.50 per hour for the time spent in making the master recording and that the sum was paid to him. Plaintiff concedes, for the purpose of this appeal, that he received such payment. However, he insists that this was merely the basic payment and that he was to be paid additional sums for his work. While the agreement between the parties cannot furnish the basis for such additional compensation, plaintiff remains free to show, if he can, that the base payment was intended to be only the initial installment for the services performed by him; that such services were in fact worth considerably more. Concur — Ross, J. P., Lupiano, Silverman, Bloom and Lynch, JJ.