■ PAT A. MYERS, Respondent, v WAVERLY FABRICS, DIVISION OF F. SCHUMACHER & COMPANY, Appellant. — Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered May 13, 1983, which conditionally granted defendant's motion to amend its answer to assert the defense of the Statute of Frauds and denied defendant's motion for a summary judgment, is modified, on the law, without costs, and the defendant's motion for summary judgment dismissing the complaint is granted, and otherwise affirmed. ¶ Special Term properly granted the motion by defendant to amend its answer to assert the defense of the Statute of Frauds. The denial of the motion for summary judgment based upon the Statute of Frauds defense, however was error. No matter how the respective positions of the parties concerning the substance and scope of the oral agreement are characterized there is no real dispute as to the legal effect of that agreement, such as would bar a grant of the motion for summary judgment. ¶ The complaint herein alleges that plaintiff sold the right to defendant to reproduce a design "solely on fabric" (and on wallpaper, as now conceded by plaintiff), and that in granting licenses to others to reproduce the design on other than fabric, defendants acted "in direct contravention of the terms of the agreement between plaintiff and defendant". Whether characterized as a sale "of a design with a perpetual restriction on its use" or "unlimited use of fabric design created solely for use on fabric and on wallpaper", it is clear that under the agreement Waverly was prevented, in perpetuity, from using the design in any manner except on fabric or on wallpaper. Thus, Waverly could not perform its obligations under the alleged contract within one year from the contract's inception. The agreement therefore, is subject to the provisions of section 5-701 (subd a, par 1) of the General Obligations Law, which requires an agreement which "[b]y its terms is not to be performed within one year from the making thereof" to be in writing. (*Grossberg v Double H. Licensing Corp.*, 86 AD2d 565.) That Special Term implicitly understood the application of the Statute of Frauds to this case is made clear from the suggestion that this case presents an opportunity to reconsider whether full performance by one party to an agreement should except that agreement from the Statute of Frauds when the statute is pleaded by the other nonperforming party. ¶ Under New York law, only full performance on both sides will except the contract from the one-year provision of the Statute of Frauds. (*Tyler v Windels*, 186 App Div 698; *Montgomery v Futuristic Foods*, 66 AD2d 64.) ¶ Thus, the fact that the plaintiff has fully completed her performance under the contract as that contract is described by her is of no moment, since the defendant's performance, i.e., the restraint from using these designs on anything other than fabric and wallpaper, will continue in perpetuity. ¶ Nor does this case implicate those concepts of copyright law referred to by the dissent. Initially, it should be observed that the plaintiff does not claim that she has or has ever applied for a copyright registration pursuant to the Unites States Copyright Law (US Code, tit 17) on either of the designs involved in this litigation. And while it may be true, as pointed out by the dissent, that in order to transfer a copyright there must be a writing signed by the owner of the rights conveyed (US Code, tit 17, § 204), the " 'transfer of copyright ownership' " does not include the granting of a nonexclusive license (US Code, tit 17, § 101). Nonexclusive licenses do not constitute a transfer of ownership rights and therefore do not come within the purview of copyright law. Thus under copyright law, such a transfer need not be in writing (*Library Pub. v Medical Economics Co.*, 548 F Supp 1231). Insofar as copyright law is

concerned, an oral agreement transferring a nonexclusive right is presumptively valid by negative implication, since a transfer of a copyright ownership must be by written instrument (3 Nimmer, Copyright, § 10-03 [A], p 10-36). But, this does not mean, however, that such an oral transfer agreement is enforceable where by its terms it is "not to be performed within one year from" its making. This "nonexclusive license" runs afoul of the Statute of Frauds. The complaint, therefore, must be dismissed. Concur — Asch, Bloom and Alexander, JJ.

Kupferman, J. P., and Carro, J., dissent in a memorandum by Kupferman, J. P., as follows: The plaintiff created a fabric design called "Cook's Stripes", which she "sold" to the defendant for $600 with an invoice identifying the design. She claims an oral agreement to the effect that her design was to be used by the defendant solely on fabric and/or wallpaper and that the defendant exceeded its license by selling to third parties the right to reproduce the design on items other than fabric. ¶ Plaintiff states other causes of action, including that the defendant claimed a credit line that the pattern was "designed by Waverly", and also that the design reproductions damaged plaintiff's reputation by their inferior quality. ¶ The answer admitted licensing third parties but raised no affirmative defenses. The defendant moved to amend its answer asserting the Statute of Frauds as an affirmative defense and seeking summary judgment thereon. ¶ The court at Special Term granted leave to amend the answer to assert the Statute of Frauds on condition that the plaintiff be allowed to reopen discovery on the issue of the oral agreement and on the further condition that the plaintiff be awarded costs and attorney's fees of $750; the motion for summary judgment was denied. The defendant appealed. ¶ Section 5-701 of the General Obligations Law requires a writing. However, the plaintiff contends that her oral arrangement with the defendant could be performed within a year, which would take the matter out of the statute. ¶ The transfer of rights here is governed by the United States Copyright Law (US Code, tit 17). The 1976 revision, effective January 1, 1978 (see US Code, tit 17, § 301), preceded the origination of the design in question. The transfer, the so-called "sale", took place on or about the end of 1978 or the beginning of 1979. ¶ A fabric design is capable of existing independently of the utilitarian aspects of the article and is copyrightable.[*] (See 1 Nimmer, Copyright, § 2.08 [H] [3], p 2-125; *Bleistein v Donaldson Lithographing Co.*, 188 US 239, 251, discussed in Kupferman, Copyright Protection for Commercial Prints and Labels, 33 S Cal L Rev 163, 164.) ¶ Putting aside questions of Federal pre-emption of State law (see *Editorial Photocolor Archives v Granger Collection*, 94 AD2d 347), the transfer of a copyright is not valid unless it is in writing signed by the owner of the rights conveyed. (US Code, tit 17, § 204; see 3 Nimmer, Copyright, § 10.03 [A].) ¶ "Moreover, according to the cases * * * it is uniformly stated that an assignment of copyright which is not evidenced by a written instrument signed by the proprietor or his agent is not effective to transfer the copyright" (Rothenberg, Oral Copyright Contracts and the Statute of Frauds, 25 Bull Copyright Society 159, 162). ¶ Accordingly, the defense of the Statute of Frauds does not serve the defendant here, but rather indicates that under the circumstances, the defendant may have obtained no more than a nonexclusive license. (3 Nimmer, Copyright, p 10-36, n 17; see, also, 1 Selz & Simensky, Entertainment Law, § 16.30.) ¶ With respect to the claim of false identifica-

---

[*] We are not here concerned with a work of fine art, as to which there would also have to be a writing for transfer. (General Business Law, art 12-E, §§ 223, 224; see Kunstadt, Can Copyright Law Effectively Promote Progress in the Visual Arts?, 25 Copyright L Symp [ASCAP] 159; Egan, Creativity in Perpetuity: Residual Rights for the American Visual Artist, 1 Bronx County Bar J, No. 1, p 16; Gordon, N. Y.'s Artists' Authorship Rights Act and Commercial Artists, NYLJ, March 23, 1984, p 5, col 3.)

tion, in the nature of a moral right of a creator, unless the purchase agreement gave the defendant the right to use its name rather than that of the plaintiff, the public could be deceived. (Cf. *Gilliam v American Broadcasting Cos.*, 538 F2d 14 [CA2d]; *Granz v Harris,* 198 F2d 585 [CA2d]; see discussion Rights in New Media, 19 Duke L Q 172, 175-176; cf. *Clevenger v Baker Voorhis & Co.*, 8 NY2d 187 [defamation].) Unlike the situation in *Vargas v Esquire, Inc.* (164 F2d 522), where the creator of drawings for a magazine was held to have completely divested himself of title, control and use of the drawings and therefore could not be heard to complain (see Hathaway, Paternity Element of Moral Right, 30 Copyright L Symp [ASCAP] 121, 132), the defendant here may have obtained only a nonexclusive license. ¶ Accordingly, the order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered May 13, 1983, denying summary judgment to the defendant, should be affirmed.