■ ISIDORE GUTERMAN, Appellant, v RGA ACCESSORIES, INC., et al., Respondents. [602 NYS2d 116] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about October 7, 1992, which, *inter alia,* dismissed the first and third causes of action of the second amended complaint alleging violations of the Labor Law and seeking an accounting, respectively, unanimously affirmed, without costs. Order of the same court and Justice, entered on or about November 18, 1991, which dismissed the causes of the complaint sounding in fraud, contract, and tort, unanimously affirmed, without costs. The appeal from the decision of the same court and Justice dated June 23, 1992, upon which the order of October 7, 1992 was based, is unanimously dismissed as non-appealable, without costs.

Plaintiff's cause of action for breach of contract alleges an oral agreement under which he was to earn commissions not only on those particular orders placed through him but also on all orders and future orders generated by new accounts obtained through his efforts. Such an agreement is not capable of performance within a year, performance being dependent not upon the will of the parties to the oral contract but upon that of third parties, and is thus unenforceable under the Statute of Frauds *(Zupan v Blumberg,* 2 NY2d 547). The fact that plaintiff's employment was terminable at will does not make the alleged agreement as to future commissions any less indefinite or capable of performance within a year. There is no dispute that plaintiff is entitled to a commission on account of the orders originally placed, and indeed it is not contested that those commissions were paid. Thus, it is irrelevant to argue that the oral contract may be considered severable and enforceable in part. The indefinite promise to pay commissions on all future sales is clearly within the Statute and voidable for want of a writing satisfying the Statute.

The contract cannot be rewritten, as plaintiff suggests, so as to provide that all commissions were due within a one-year period. This was not the agreement of the parties, and no basis to reform the contract is alleged. Nor did plaintiff's performance take the contract out of the Statute. Only full performance by both parties can take this type of contract out

of the Statute of Frauds *(Myers v Waverly Fabrics,* 101 AD2d 777, *mod on other grounds* 65 NY2d 75).

As the only fraud alleged relates to the breach of contract, the mere addition of allegations of scienter does not give rise to a cause of action seeking damages for fraud *(Kotick v Desai,* 123 AD2d 744, 745-746). The allegations of the complaint do not show conduct so outrageous as to support a cause of action for intentional infliction of emotional distress *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303); nor may this cause of action be employed to circumvent the prohibition on recovery for the wrongful discharge of an at-will employee *(supra).* The cause of action for prima facie tort fails for the same reasons.

Labor Law § 191-b (1) provides that a contract between a principal and a sales representative "shall be in writing and shall set forth the method by which the commission is to be computed and paid." Assuming, *arguendo,* that the Statute imposes an affirmative duty on the employer to provide a written contract, it does not follow that a failure to comply therewith renders enforceable an oral contract otherwise void under the Statute of Frauds, and we would not so hold.

Plaintiff seeks an accounting with respect to commissions to which he is not entitled, and thus this cause of action was properly dismissed. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.