| **Mishkin v Andrea** |
|:---:|
| 2024 NY Slip Op 33911(U) |
| November 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152788/2015 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: HON. ARTHUR F. ENGORON

PART 37

_Justice_

-------------------------------------------------------------------X

MARION S MISHKIN,

Plaintiff,

- v -

FRANK A ANDREA, ANDREA & TOWSKY, ESQS, STEVEN L BARKAN, STEVEN L BARKAN PC, JOSEPH L DECOLATOR, DECOLATOR COHEN DIPRISCO LLP, JOSEPH EHRLICH, SCOTT EPSTEIN, ANTIN EHRLICH & EPSTEIN LLP, DAVID JAROSLAWICZ, JAROSLAWICZ & JAROS LLC, STANLEY KARATHARA, CANALE & KARATHARA ESQS, MICHAEL SCOTT LEVINE, RAPPAPORT GLASS LEVINE & ZULLO LLP, LEONARD J LINDEN, LAW OFFICE OF LEONARD J LINDEN, JOEL MYRON LUTWIN, LUTWIN & LUTWIN LLP, NEIL C MOSCOLO, BARTLETT MCDONOUGH & MONAGHAN LLP, JEFFREY SINGER, SINGER NEMEROV & SEGAN PC, BRUCE J RESSLER, MICHAEL FX RYAN, RYAN AND RYAN PC, RESSLER & RESSLER, ANDREW J SMILEY, SMILEY & SMILEY LLP,

Defendants.

-------------------------------------------------------------------X

INDEX NO. 152788/2015

MOTION DATE 08/25/2016, 08/25/2016, 09/08/2016

MOTION SEQ. NO. 001, 002, 003

DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 83, 84, 85, 86, 87, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 181, 183, 196, 216, 217, 218, 219, 220, 221, 222, 223,

were read on this motion to _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 88, 89, 90, 91, 92, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 178, 179, 180, 182, 194, 197, 213, 214, 215, 224, 225, 226, 227, 228, 229,

were read on this motion to _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 184,

were read on this motion to _____ DISMISS _____.

Upon the foregoing documents, for the reasons stated hereinbelow, and after oral argument on September 11, 2024, the instant motions to dismiss are denied.

152788/2015 MISHKIN, ESQ, MARION S vs. ANDREA, ESQ, FRANK A
Motion No. 001 002 003

Page 1 of 4

[* 1]

Background

On March 20, 2015, plaintiff commenced this action, the reader's familiarity with the Court presumes, for legal fees, by way of a summons with notice. NYSCEF Doc. No. 1. Subsequently, by way of three ex parte orders, pursuant to CPLR 306-b, dated July 27, 2015 (Hon. Deborah A. Kaplan), November 19, 2015 (Hon. Martin Shoenfeld), and March 16, 2016 (Hon. Lori S. Sattler) (collectively "the Ex Parte Orders"), the court granted plaintiff, *nunc pro tunc*, additional time to serve defendants, but noted that the orders were "not to be considered a determination as to any tolling of the Statute of Limitations, should such issue arise." NYSCEF Doc. Nos. 9, 17, 37.

On August 5, 2016, plaintiff served her complaint on defendants, seeking no less than $500,000 in legal fees and asserting four causes of action: (1) breach of contract; (2) quantum meruit; (3) unjust enrichment; and (4) conversion. NYSCEF Doc. No. 43.

On August 25, 2016, and September 8, 2016, various defendants filed three separate motions to dismiss. NYSCEF Doc. Nos. 50, 61, and 95.

On March 20, 2017, defendant Joel Lutwin died. NYSCEF Doc. No. 211.

In a Decision and Order dated September 13, 2018, this Court granted defendants' motions to dismiss on jurisdictional and *res judicata* grounds, pursuant to CPLR 3211(a)(2) and (5) alone, and, therefore, the Court did not reach defendants' remaining arguments for dismissal. NYSCEF Doc. No. 182.

In a Decision and Order dated October 22, 2020, the Appellate Division, First Department, reversed this Court's prior decision and remanded the matter for determination of the remaining branches of the motions to dismiss. Mishkin v Mascolo, 187 AD3d 605 (1st Dept 2020).

The remaining branches of Motion Sequence 1 include, pursuant to CPLR 3211(a)(1), (5), and (7), that, inter alia, the six-year Statute of Limitations had run for plaintiff's breach of contract, quantum meruit, and unjust enrichment claims, and the three-year limit had run for her conversion claim; that Statute of Frauds bars the action; and that there was no contract, express or implied, between the parties for "Lead Counsel service" or any other legal work outside plaintiff's limited capacity as Liaison Counsel.

The remaining branches of the Motion Sequence 2 include that, pursuant to New York Rules of Professional Conduct 1.5(g), plaintiff has unethically attempted to participate in a contingency fee when defendants' clients gave no written consent to retain her; and that, pursuant to CPLR 221 and 5701(a)(3), the Ex Parte Orders were not timely, were not properly served, and were improperly brought, as plaintiff admits that she sought them in an attempt to avoid "adversarial proceedings" that might hinder possible settlement elsewhere.

On July 25, 2024, on application of plaintiff, this Court adjourned oral argument on the remaining branches of defendants' motions to dismiss to allow the parties to submit additional memoranda in support or opposition.

**152788/2015  MISHKIN, ESQ, MARION S vs. ANDREA, ESQ, FRANK A**
**Motion No. 001 002 003**

Page 2 of 4

Chief among defendants' remaining arguments in their additional memoranda is that the Ex Parte Orders, in which the court, *nunc pro tunc*, extended plaintiff's time to serve were, inter alia, an abuse of the ex parte process based on material misrepresentations and, thus, should be vacated, making plaintiff's service upon defendants untimely and requiring dismissal, pursuant to CPLR 3211(a)(8), for lack of personal jurisdiction.

Defendants also argue for dismissal, inter alia: pursuant to CPLR 3211(a)(5), as the alleged oral agreement between the parties is barred by the Statute of Frauds; pursuant to CPLR 3211(a)(7), for failure to state a cause of action, as the complaint fails to support an inference that a contract existed; and, pursuant to New York Rules of Professional Conduct, Rule 1.5(g), for unethically attempting to participate in a contingency fee.

In opposition, plaintiff argues that the Ex Parte Orders were permissibly granted at the broad discretion of the court and should not be disturbed. Plaintiff also argues, inter alia: that defendants have no statute of limitations defense, because the latest date defendants acknowledge, which plaintiff does not concede, that a claim could have accrued was April 3, 2009, and the Summons with Notice was filed on March 20, 2015; and, that any claim of untimely service was, pursuant to CPLR 306-b, waived.

Discussion

As relevant here, CPLR 306-b states that if "service is not made upon a defendant within the time provided … the court, upon motion, shall … upon good cause shown or in the interest of justice, extend the time for service." The Court of Appeals has found that:

> The interest of justice standard [of CPLR 306-b] requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant.

Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 (2001).

Here, defendants have failed to show that the justices who issued the Ex Parte Orders abused their discretion or did so improvidently and, so this Court will not vacate them. Despite defendants' contentions, plaintiff was not required to refer to the Federal action, obviously in a different court, in her New York State court RJI. And, further, if "some factors weigh in favor of granting an interest of justice extension and some do not, we should not disturb Supreme Court's discretion-laden determination." Sutter v Reyes, 60 AD3d 448, 449 (1st Dept 2009). Accordingly, defendants' untimely service and lack of personal jurisdiction arguments fail.

152788/2015  MISHKIN, ESQ, MARION S vs. ANDREA, ESQ, FRANK A
Motion No. 001 002 003

Page 3 of 4

[* 3]

Index. No. 152788/2015

The underlying oral agreement is not barred by the Statute of Frauds. <u>Guterman v RGA Accessories, Inc.</u>, 196 AD2d 785, 785-86 (1st Dept 1993) ("full performance by both parties can take this type of contract out of the Statute of Frauds"). Whether a "plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." <u>EBCI, Inc. v Goldman Sachs & Co.</u>, 5 NY3d 11, 19 (2005).

In addition, plaintiff's "theory of unjust enrichment is not precluded by the Statute of Frauds because it is not an attempt to enforce the oral contract but instead seeks to recover the amount by which [defendant] was enriched at [plaintiff's] expense." <u>Castellotti v Free</u>, 138 AD3d 198, 208 (1st Dept 2016).

Finally, defendants argue that this action should be automatically stayed based on the March 20, 2017, death of defendant Lutwin. However, as the event requiring substitution (Lutwin's death) occurred more than seven years ago, and as no substitution has been made, nor has any motion to substitute been made, the Court hereby dismisses the action against defendant Joel Lutwin. CPLR 1021 ("If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate."); <u>Silvagnoli v Consol. Edison Empls. Mut. Aid Soc.</u>, 112 AD2d 819, 821 (1st Dept 1985) ("the time to effect proper substitution should not extend indefinitely.").

This Court has considered defendants' other arguments and finds them to be unavailing and/or non-dispositive.

Thus, the motions to dismiss are hereby denied.

HON. ARTHUR F. ENGORON

_____
11/1/2024
DATE

_____
ARTHUR F. ENGORON, J.S.C.

CHECK ONE:           [ ] CASE DISPOSED          [X] NON-FINAL DISPOSITION
                     [ ] GRANTED   [X] DENIED    [ ] GRANTED IN PART       [ ] OTHER
APPLICATION:         [ ] SETTLE ORDER            [ ] SUBMIT ORDER
CHECK IF APPROPRIATE:[ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

152788/2015  MISHKIN, ESQ, MARION S vs. ANDREA, ESQ, FRANK A          Page 4 of 4
Motion No.  001 002 003

4 of 4

[* 4]