**Martin GREENBLATT, Plaintiff,**

v.

**Robert W. GLUCK, Defendant.**

**No. 03 Civ. 597(RWS).**

United States District Court,
S.D. New York.

June 3, 2003.

Martin Greenblatt, c/o DDC, New York, NY, Plaintiff, pro se.

Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, West Orange, NJ, By: Robert W. Gluck, for Defendant, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff *pro se* Martin Greenblatt ("Greenblatt") has moved for reconsideration of the March 17, 2003 order dismissing his claim for lack of subject matter jurisdiction. Because Greenblatt has already filed an amended complaint in accordance with the March 17 order, and because defendant Robert W. Gluck ("Gluck") asserts that the amended complaint should be dismissed pursuant to Rules 12(b)(1) and (3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and improper venue, Gluck's motion to dismiss the amended complaint will also be addressed.

For the following reasons, Greenblatt's motion is denied for failure to comply with Local Rule 6.3, and Gluck's motion to dismiss is granted. Leave to amend will not be granted.

### Prior Proceedings

Greenblatt commenced this action on February 11, 2003, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis of this Court's subject matter jurisdiction. In support of that allegation, Greenblatt alleged that his office was located in New York and that Gluck has his office in New Jersey.

A little more than a month prior to filing this suit, on January 6, 2003, a similar suit was dismissed *sua sponte* from the District of New Jersey for lack of subject matter jurisdiction (the "New Jersey action"). Greenblatt commenced the New Jersey action on December 18, 2002, alleging federal question jurisdiction. In his complaint, Greenblatt stated that he "resid[es] at 471 Lincoln Avenue, Highland Park, New Jersey" and that Gluck had the same New Jersey office as noted above. New Jersey Complaint, ¶¶ 1, 2. In dismissing the complaint *sua sponte,* the district court deter-

mined that there was no federal question jurisdiction on the face of the complaint and that there was no diversity jurisdiction. *Greenblatt v. Gluck,* Civ. No. 02–5749, *slip op.* at 1 (Jan. 6, 2003). The Court further noted that Greenblatt was "free to file [his] Complaint in the appropriate state court." *Id.*

Gluck moved to dismiss the complaint by letter dated February 11, 2003, for lack of subject matter jurisdiction.

In the March 17, 2003 order, it was held that Greenblatt had failed to prove by a preponderance of the evidence that his domicile was in New York. The order noted that Greenblatt did not affirmatively state that he had moved from his residence in New Jersey to New York, and that the mere fact that his business was located in New York is insufficient by itself to justify a finding that New York is his domicile. Order, *slip op.,* at 5–6. Greenblatt was permitted the opportunity to amend his pleading to establish New York residence, but was warned that even though *pro se* he could be sanctioned if such pleading was made frivolously in light of the Court's instructions on the establishment of domicile. *Id.* at 6.

On April 4, 2003, Greenblatt filed an amended complaint (the "Amended Complaint") in accordance with the order.

On April 14, 2003, Greenblatt moved for reconsideration of the earlier dismissal. In light of the fact that the complaint is no longer the controlling pleading in this case, it is unclear what relief Greenblatt could obtain on this motion.

In his opposition to the motion, Gluck also moved to dismiss the Amended Complaint on the basis of lack of subject matter jurisdiction and improper venue.

The motions were considered fully submitted on May 14, 2003.

### Diversity Jurisdiction

The Amended Complaint again alleges diversity as the basis for jurisdiction. There is no dispute that Gluck is a New Jersey resident for the purposes of this analysis. Greenblatt alleges that he is a New York resident and therefore of diverse citizenship. In support of this allegation, he alleges that he has had his office at 580 Fifth Avenue, New York, New York 10036 for the past forty-three years, and that he lives at 182 East 95th Street, Apartment 4F, New York, New York, 10128, with his son Jonathan. He further asserts that he does not own any real property. Greenblatt in his moving papers also states that his doctors reside in New York and that he belongs to a religious congregation in New York.

Gluck has submitted an investigative report revealing that, according to the New Jersey Division of Motor Vehicles, Greenblatt has a valid New Jersey driver's license that states his address is 471 Lincoln Avenue, Highland Park, New Jersey 01372. Greenblatt in his opposition papers has explained that he has not yet obtained a New York driver's license because proof of age is required, and because he is from Hungary, he has not been able to obtain the proper documentation. He does not explain why he needs further indicia other than his New Jersey driver's license.

Gluck also questions why Greenblatt is not living with his wife, who supports him and who resides in New Jersey, in addition to questioning the lack of other relevant factors regarding Greenblatt's domicile. For instance, Greenblatt fails to allege that he filed his state income taxes in New York.

### Venue

The Amended Complaint alleges, *inter alia,* libel, violation of privacy, defamatory statement and malice. At issue is a letter dated November 25, 2002, written by

Gluck to Greenblatt, urging Greenblatt to withdraw a complaint filed in New Jersey state court. The letter was sent from Gluck's office in New Jersey to Greenblatt's home in New Jersey.[1] While other persons or entities were copied on the letter, these persons or entities all appear to reside in New Jersey, according to the complaint filed by Greenblatt in New Jersey state court. There are no allegations of the relation of the case to New York, except that the alleged torts peripherally involve Greenblatt's New York business.

## Discussion

### I. Standard of Review

■ In addressing the present motion, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (*quoting Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). Nevertheless, *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (quotations omitted).

### II. Motion for Reconsideration

■ "To succeed on a motion for reargument, the moving party must demonstrate that the court overlooked the controlling decisions or factual matters that were placed before the court in the underlying motion." *Lopez v. Comm'r of Soc. Sec.,* 2002 WL 465298, *1, 2002 U.S. Dist. LEXIS 5091, *1–*2 (S.D.N.Y. March 27, 2002) (quotations and citations omitted);

*see also Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir.1995) (motion for reargument "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

■ Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988) (citation omitted). The parties may not present new facts or theories at this stage. *Ralph Oldsmobile Inc. v. General Motors Corp.,* 2001 WL 55729, at *2 (S.D.N.Y. Jan.23, 2001) (striking affidavit that was filed in support of motion to reconsider without court's permission); *Primavera Familienstifung v. Askin,* 137 F.Supp.2d 438, 442 (S.D.N.Y.2001) (party may not "advance new facts, issues or arguments not previously presented to the Court") (*quoting Morse/Diesel Inc. v. Fidelity & Deposit Co. of Md.,* 768 F.Supp. 115, 116 (S.D.N.Y.1991)).

■ Rule 6.3 must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues, and may not be employed as a substitute for appealing a final judgment. *Lopez,* 2002 WL 465298, at *1, 2002 U.S. Dist. LEXIS 5091, at *3; *Shamis v. Ambassador Factors,* 187 F.R.D. 148, 151 (S.D.N.Y.1999). The decision to grant or deny the motion rests in the discretion of the district court. *AT & T Corp. v. Community Network Servs. Inc.,* 2000 WL 1174992, at *1 (S.D.N.Y. Aug. 18, 2000).

---

1. In light of the previously dismissed New Jersey action, it is assumed that Greenblatt's actual residence was in New Jersey at the time the letter was sent.

■ Greenblatt has failed to put forward any controlling decisions or factual matters that were placed before the Court when it determined that the complaint should be dismissed. On these grounds alone, the motion must be denied. Moreover, the motion is now moot as Greenblatt has filed an Amended Complaint. Even if the motion were to be granted, Greenblatt has already filed a new complaint, such that the prior complaint could not in any case be reinstated. For these reasons, the motion for reconsideration is denied.

### III. *Subject Matter Jurisdiction Does Not Exist*

For purposes of diversity jurisdiction, a person's citizenship is determined by domicile. It is a long-settled principle of law that while a person may have more than one residence, he may only have one domicile at any one time. *Williamson v. Osenton*, 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914); *National Artists Management Co. v. Weaving*, 769 F.Supp. 1224, 1227 (S.D.N.Y.1991); Restatement (First) of Conflict of Laws § 11 (1934 & Supp. 1948); Restatement (Second) of Conflict of Laws § .11 (1971 & Supp.1988); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3612 (1984 & Supp.1993).

■ Domicile requires both (1) the party's physical presence in the state; and (2) the intent to remain in that state indefinitely. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989); *National Artists*, 769 F.Supp. at 1227. The second element does not require that the persons have an affirmative intent to remain permanently in the state, but merely that he has no present intent to move to another state. *National Artists*, 769 F.Supp. at 1227. Where there is evidence that the parties have more than one

residence, or the residence is unclear, the court should focus on the intent of the parties. *Id.* (*citing Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F.Supp. 37, 41 (S.D.N.Y.1988)).

■ In divining a party's intent, the court uses a "totality of the evidence" approach, and no single factor is conclusive. *Id.* at 1228. Pertinent factors include the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, and places of business or employment. *Id.* Other factors are relevant, such as whether the person owns or rents his place of residence, how permanent the residence appears, and the location of the person's physician, lawyer, accountant, dentist, stockbroker, etc. *National Artists*, 769 F.Supp. at 1228.

Whether diversity exists is determined at the time the action commences. *Freeport–McMoRan v. K.N. Energy, Inc.*, 498 U.S. 426, 426–29, 111 S.Ct. 858, 859–60, 112 L.Ed.2d 951 (1991). Once a plaintiff's allegations of diversity are challenged by a defendant, a plaintiff must prove by a preponderance of the evidence that diversity does in fact exist. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Arnold v. Troccoli*, 344 F.2d 842, 845 (2d Cir.1965).

■ Greenblatt alleges that he lives in New York, New York with his son and has an office in New York, New York. He has explained in his papers why he has not yet changed his driver's license to New York and briefly noted that he no longer lives with his wife, who is supporting him, in New Jersey. The title to the Greenblatts' real property appears to be entirely in the name of Greenblatt's wife. In addition,

Greenblatt claims to have doctors in New York and to belong to a religious congregation in New York. However, Greenblatt fails to aver that he pays state taxes in New York. Moreover, the apartment in which he is staying belongs to his son, rather than to him, and thus appears to be less permanent. In light of these factors, Greenblatt's explanation for his failure to change his driver's license falls thin. He has failed to demonstrate by a preponderance of the evidence that he intends to remain in New York indefinitely. As a result, the complaint must be dismissed for lack of subject matter jurisdiction.

In light of Greenblatt's failure in his Amended Complaint to satisfy his burden of proving New York citizenship, despite this Court's guidance in a prior opinion, leave to amend will not be granted.

## IV. *Venue*

Even if diversity jurisdiction were established, the complaint would nonetheless have to be dismissed for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

 When venue is challenged, it is the plaintiff's burden to prove that it is proper pursuant to 28 U.S.C. § 1391. *Friedman v. Revenue Mgmt. of New York, Inc.*, 38 F.3d 668, 672 (2d Cir.1994). Because this is an action where jurisdiction is founded solely on diversity of citizenship, § 1391(a) applies. Because Gluck resides in New Jersey, Greenblatt's only recourse is to show that 1391(a)(2) applies. That section provides that an action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2).

 The statute does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere. *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir.1992). *See also* David D. Siegel, Commentary on 1990 Revision of Subdivisions (a), (b), and (e) at 4, 28 U.S.C. § 1391 (Supp.1993).

 The Amended Complaint does not allege that a substantial part of the events or omissions occurred in this district, nor does the dispute involve any property located in this district. The only potential contact with New York is that Greenblatt claims his New York business was somehow peripherally affected by the alleged torts. Such allegations do not rise to the level of significance as required by § 1391(a)(2). As a result, the complaint must be dismissed.

As was previously suggested, Greenblatt should re-file in the appropriate state court. Given the fact that there are other cases related to this complaint, all the parties may be best served by placing all of them before the same court, who may therefore have a complete understanding of the background and issues involved.

### *Conclusion*

For the foregoing reasons, Greenblatt's motion for reconsideration is denied, and Gluck's motion to dismiss the Amended Complaint on the basis of lack of subject matter jurisdiction and improper venue is granted.

It is so ordered.