**Maia FERRAND, Plaintiff,**

v.

**CREDIT LYONNAIS, Defendant.**

**No. 02 Civ. 5191(VM).**

United States District Court,
S.D. New York.

Nov. 19, 2003.

Jeffrey L. Liddle, Liddle & Robinson, L.L.P., New York, NY, for plaintiff.

Barbara M. Roth, Torys LLC, New York, NY, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Maia Ferrand ("Ferrand") brought this action alleging gender discrimination in violation of federal, state and city anti-discrimination laws, breach of implied contract, *quantum meruit,* and violations of the New York Labor Law and the Employee Retirement Income Security Act ("ERISA"). Defendant Credit Lyonnais ("Credit Lyonnais") moved for summary judgment pursuant to Fed.R.Civ.P. 56 on all of Ferrand's claims. By Decision and Order dated September 30, 2003, the Court granted Credit Lyonnais's motion in its entirety. *See Ferrand v. Credit Lyonnais,* No. 02 Civ. 5191, 2003 WL 22251313 (S.D.N.Y. Sept.30, 2003). Ferrand now moves for reargument and/or reconsideration. For the reasons set forth below, Ferrand's motion is DENIED.

### I. DISCUSSION

#### A. STANDARD

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. National Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)). Under Local Civil Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.,* 28 Fed. Appx. 73, 2002 WL 109483, \*1 (2d Cir. Jan.25, 2002); *S.E.C. v. Ashbury Capital Partners, L.P.,* No. 00 Civ 7898, 2001 WL 604044, \*1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Cmty. Network Servs., Inc.,* No. 97 Civ. 316, 2000 WL 1174992, at \*1 (S.D.N.Y. Aug.18, 2000) and Local Civil Rule 6.3). Reconsideration may be granted to correct clear error, prevent manifest injustice, or review the court's decision in light of the availability of new evidence. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

A Local Rule 6.3 motion, however, is not intended as a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. *See Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999). Consistent with these objectives, Local Civil Rule 6.3 is designed to "ensure the finality of decisions and to prevent the practice of a losing party [from] examining a decision and then plugging the gaps of a lost motion with additional matters." *See Greenblatt v. Gluck,* 265 F.Supp.2d 346, 350 (S.D.N.Y.2003) (citing *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A Court must narrowly construe and strictly apply Local Civil Rule 6.3 so as to avoid duplicative rulings on previously considered issues, and to prevent the Rule from being used as a substitute for appealing a final judgment.

See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) ("The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to ... matters ... that might reasonably be expected to alter the conclusion reached by the court."); In re Houbigant, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (noting that a motion for reargument is not an opportunity for the moving party "to reargue those issues already considered when a party does not like the way the original motion was resolved.").

Here, the Court did not overlook the factual or legal matters Ferrand now advances as grounds for reconsideration. Ferrand urges reconsideration of the Court's dismissal of her claims of (1) breach of implied contract, (2) quantum meruit and (3) sex discrimination. However, as regards each of these claims, rather than citing facts or controlling decisions that the Court may have overlooked, Ferrand merely takes issue with the Court's analysis and interpretation of the relevant law. At bottom, Ferrand's grievance is not that the Court overlooked pertinent precedent, but that the Court's reasoning did not accord sufficient weight to her arguments or did not properly apply the specific authority upon which Ferrand's theories were grounded. Fundamentally, that contention reflects not new and compelling facts or law, but rather Ferrand's own subjective assessment of the substance of the Court's ruling. To that extent the Court here rejects the argument.

## B. IMPLIED CONTRACT AND QUANTUM MERUIT

■ Specifically, with regard to her implied contract and quantum meruit claims,

Ferrand merely reiterates and urges the Court to accept her reading and application of the cases [1] she relies upon rather than the precedents the Court considered more persuasive. The Court finds no ground for reconsideration on this basis. The cases Ferrand cites are distinguishable on the facts or not "controlling." Lichtenberg, 2002 WL 109483, at *1. The Court remains convinced that it properly interpreted and relied upon compelling and controlling state decisional law in dismissing Ferrand's common law claims. See Ferrand, 2003 WL 22251313, at *12–*14 (citing Kaplan v. Capital Co. of America LLC, 298 A.D.2d 110, 747 N.Y.S.2d 504, 505 (App.Div. 1st Dep't.2002) and Lehrer McGovern Bovis v. New York Yankees, 207 A.D.2d 256, 615 N.Y.S.2d 31, 34 (App. Div. 1st Dep't 1994)). The Court specifically discussed Mirchel, see id. at *12, one of the cases Ferrand again offers in support of her motion.

## C. GENDER DISCRIMINATION

■ Similarly, Ferrand's grounds for seeking reconsideration of the dismissal of her sexual discrimination claim are largely based on her own interpretation of the case law the Court cited in support of its decision, as well as on one factual assertion she claims the Court overlooked because it was not specifically mentioned in the decision. The Court finds these arguments insufficient to satisfy the standards for reconsideration. Obviously, the Court did not "overlook" the case law it cited as persuasive and controlling. What Ferrand offers instead is not new authority the Court failed to consider, but Ferrand's differing proposition of what these cases stand for. Moreover, that the Court did not specifically reference every factual de-

---

1. Among the cases Ferrand cites are: Xu v. J.P. Morgan Chase & Co., No. 01 Civ. 8686 (S.D.N.Y. Sept. 23, 2003); GSGSB, Inc. v. New York Yankees, 862 F.Supp. 1160, 1170 (S.D.N.Y.1994) and Mirchel v. RMJ Secs. Corp., 205 A.D.2d 388, 613 N.Y.S.2d 876 (App. Div. 1st Dep't 1994).

tail or incident to which Ferrand attached special significance in her opposition papers does not necessarily establish that the Court did not consider that particular matter, or that if the point were now to be weighed in this connection with this motion it would necessarily be expected to alter the Court's conclusion. That the Court did not refer to the matter in the first instance is precisely an indicator that that detail was not particularly worthy of mention.

■ Finally, the Court rejects Ferrand's assertion that the Court resolved an issue of fact by its remark that Credit Lyonnais's explanation for paying higher bonuses to other employees, including some subordinates of Ferrand, was reasonable. In making that observation, the Court was merely applying the *McDonnell Douglas* burden shifting standard to find that the grounds Credit Lyonnais had articulated to justify its employment actions as to Ferrand constituted legitimate, non-discriminatory business reasons and that Ferrand had not met her burden of rebutting this showing by introducing sufficient evidence demonstrating both that her employer's proferred grounds were false and pretextual, and that the real reason was intentional prohibited discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Ferrand,* 2003 WL 22251313, at *8–*12. Under this doctrine, in the context of considering a motion for summary judgment, the determination as a matter of law of what qualifies as a "reasonable" explanation for an employment action, in terms of whether it reflects a sufficiently valid and non-discriminatory business reason, is necessarily a function of the Court. *See McDonnell Douglas,* 411 U.S. at 801–03, 93 S.Ct. 1817. The Court having so found, the burden then shifted to Ferrand to come forward with concrete evidence sufficient to satisfy the preponderance standard—and not by means of her own self-serving, conclusory assessment—to demonstrate compellingly that Credit Lyonnais's explanation was false and pretextual. In her instant motion Ferrand has offered nothing new to persuade the Court otherwise.

■ Ferrand again raises the parties' substantial factual dispute concerning who actually made Credit Lyonnais's decision with regard to Ferrand's 2000 bonus. The Court addressed that issue at length, and concluded that Graham Whitehair ("Whitehair"), Ferrand's supervisor, "had only limited input into the decisions at issue because [Joel] Jeuvell was the ultimate decision maker." *Ferrand,* 2003 WL 22251313, at *5. Nonetheless, the Court also stated that, specifically as regards Ferrand's bonus for the year 2000, "the record raises a dispute as to whether Whitehair was involved in the decision to allocate a $50,000 bonus." *Id.* at *7. Credit Lyonnais maintained that the bonus decision was made entirely by Joel Jeuvell ("Jeuvell"), Whitehair's supervisor, without any role by Whitehair. However, as the Court read the record, Jeuvell indicated that the decision was made jointly by him and Whitehair, although Whitehair asked for Jeuvell's input as to the amount, "implying that although the $50,000 bonus recommendation was ultimately Jeuvell's, Whitehair was certainly involved in the decision-making process." *Id.*

Ferrand, apparently misconstruing the Court's meaning reflected in this discussion, asserts that "[t]his Court held that Whitehair's role as a decisionmaker in Ferrand's bonus compensation was a question of fact to be decided by the jury." (Reply Memorandum of Law in Further Support of Plaintiff's Motion for Reargument and/or Reconsideration, dated November 5, 2003, at 3.) By definition, such a

holding would be incompatible with a grant of Credit Lyonnais's motion for summary judgment in its entirety. Thus, the Court could not have contemplated the reading Ferrand asserts. Rather, the Court merely reflected that, for the purposes of its determination as to whether Ferrand had demonstrated a sufficient prima facie case, recognizing the nominal threshold necessary for a plaintiff to satisfy the pertinent evidentiary burden, the Court stated that it would assume the existence of the fourth element of Ferrand's prima facie case, thereby giving rise to application of the *McDonnell Douglas* inquiry governing the ultimate determination as to whether an issue of material fact remained requiring a trial of Ferrand's sex discrimination claim. *See Ferrand*, 2003 WL 22251313, at *6. Following that analysis, the Court concluded that Ferrand had not adduced sufficient evidence to support a rational finding that the adverse employment actions Ferrand alleges occurred by reason of unlawful discrimination on account of her gender. *See id.* at *12.

Implicit in the Court's ruling is a finding that, in the final analysis, Ferrand had not produced enough evidence to support her contention that it was Whitehair, rather than Jeuvell, who ultimately made the decision to fix the amount of her bonus for the year 2000. On this point, the Court was persuaded that, when viewing the record in the light most favorable to Ferrand, there was some evidence indicating that Whitehair had a limited role in the decision, was sufficient to enable Ferrand's prima facie case to survive. Nevertheless, the evidence Ferrand produced was not persuasive enough to establish a genuine dispute concerning this point and thus was insufficient to enable Ferrand to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (noting that to defeat a motion for summary judgment, the nonmoving party must demonstrate "a dispute about a material fact [that] is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). In this regard, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient." *Id.* at 252, 106 S.Ct. 2505.

Here, neither in opposing the original motion, nor in her request for reconsideration, has Ferrand, beyond her own conclusory assertion, offered any concrete proof to sustain her claim that Whitehair determined her 2000 bonus. She has not sufficiently rebutted the deposition testimony of both Jeuvell and Whitehair that it was Jeuvell who in the first instance fixed the amount of Ferrand's bonus for 2000 on the basis of the results of Ferrand's department's substantially lower performance for that year, and that Whitehair merely accepted the figure as an appropriate allocation of the available bonus pool under the circumstances. (*See* Deposition of Joel Jeuvell, dated January 8, 2003, attached as "Jeuvell Tr." to Affirmation of Lauren G. Krasnow, dated April 7, 2003 ("Krasnow Aff."), at 23–24; Deposition of Graham Whitehair, dated January 10, 2003, attached as "Whitehair Tr." to Krasnow Aff., at 31–32.) Neither has Ferrand produced any evidence to establish that, in so deciding, Jeuvell was actuated by unlawful gender discrimination, or that he shared the sexual animus Ferrand alleges against Whitehair, or that Jeuvell knew of or condoned Whitehair's motives. Accordingly, the Court concludes that Ferrand has failed to establish a sufficient basis to warrant reconsideration or reargument of the Court's ruling granting Credit Lyonnais summary judgment.

## II. *ORDER*

For the reasons discussed above, it is hereby

524

**ORDERED** that the motion of plaintiff Maia Ferrand for reconsideration and/or reargument of the Court's Decision and Order dated September 30, 2003 is DENIED.

**SO ORDERED.**