**Kenneth J. THOMAS, Plaintiff,**

v.

**ISTAR FINANCIAL, INC. and Ed Baron, Defendants.**

**No. 05 Civ. 606(VM).**

United States District Court, S.D. New York.

Aug. 31, 2006.

David T. Azrin, Gallet Dreyer & Berkey, LLP, David O. Simon, Steven M. Latino, Robyn Kim Ruderman, David O. Simon, Epstein Becker & Green, P.C., New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

By Decision and Order dated July 7, 2006 (the "Order"),[1] the Court granted in part and denied in part the motion of defendants iStar Financial, Inc. ("iStar") and Ed Baron ("Baron") (collectively, "Defendants") for summary judgment on the claims of plaintiff Kenneth Thomas ("Thomas") alleging unlawful race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and the New York City Human Rights Law ("NYCHRL"). By motion dated July 21, 2006, Thomas requested reconsideration of certain portions of the Order pursuant to Local Rule 6.3. For the reasons set forth below, Thomas's motion for reconsideration is denied.

### II. STANDARD OF REVIEW

Reconsideration of a judicial order pursuant to Local Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). Pursuant to Local Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the court overlooked and that might reasonably be expected to alter

---

**1.** The Decision and Order is reported as *Thomas v. iStar Financial, Inc.,* 438 F.Supp.2d 348 (S.D.N.Y.2006).

the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed.Appx. 73, 74 (2d Cir.2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*citing AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug. 18, 2000)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

Thomas seeks reconsideration of those portions of the Decision which granted Defendants' motion for summary judgment concerning Thomas's claims alleging (1) hostile work environment; (2) retaliatory negative or non-positive references; and (3) retaliatory threats.

### III.  *DISCUSSION*

### A.  *HOSTILE WORK ENVIRONMENT*

■ The Court granted summary judgment to Defendants on Thomas's hostile environment claim on the ground that the incidents alleged by Thomas were not sufficiently severe or pervasive to constitute a hostile work environment. Thomas asserts that the Court failed to consider the totality of the alleged incidents, including certain facially race-neutral incidents. Specifically, Thomas claims that the Court failed to consider the following allegations: Thomas's assistant Amy Carlson ("Carlson") made racially-charged comments to Thomas; iStar ignored Thomas's request for more efficient accounting procedures; iStar accused Thomas of wrongdoing whenever any item was missing or stolen; iStar was slower to provide certain training to Thomas than to provide the same

training to Carlson; iStar removed Thomas's assistant from her position two weeks before his termination. (*See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of Portions of Court Order Granting in Part Defendants' Motion for Summary Judgement ("Pl.'s Mem."), dated July 21, 2006, at 14.) While those allegations were not explicitly mentioned in the Order, the Court considered *all* of the incidents alleged by Thomas in reaching the conclusion that the incidents were not sufficiently severe or pervasive to constitute a hostile work environment. *See Ferrand v. Credit Lyonnais*, 292 F.Supp.2d 518, 521–22 (S.D.N.Y.2003) ("That the Court did not specifically reference every factual detail or incident ... does not necessarily establish that the Court did not consider that particular matter.") Thomas's motion for reconsideration fails to cite any facts or controlling authority overlooked by the Court in the Court's analysis of the hostile work environment claim. Accordingly, Thomas's motion for reconsideration concerning his hostile work environment claim is denied.

### B.  *RETALIATORY NEGATIVE OR NON-POSITIVE REFERENCES*

#### 1.  *Thomas's Complaint to Shanks*

■ The Court granted summary judgment to Defendants on Thomas's retaliatory negative or non-positive references claim on the ground that Thomas failed to establish a causal connection between his informal complaints to supervisors and the alleged retaliatory negative or non-positive references. The Court concluded that a causal connection could not be established based on temporal proximity because the alleged negative or non-positive references were provided over one year after Thom-

as's informal complaints to supervisors in August 2002.

Thomas asserts that the Court over-looked Thomas's complaint to human resources manager Ayanna Shanks ("Shanks") on the day he was terminated. Thomas asserts that this complaint was sufficiently close in time to the alleged negative references to demonstrate a causal connection. Specifically, Thomas alleges that on the day that he was terminated, he told Shanks "that I did not think that I had been treated fairly." (Affidavit of Ken Thomas in Opposition to Defendants' Motion for Summary Judgment, dated January 23, 2006, at 46.) In her deposition, Shanks confirmed that Thomas approached her on the day he was terminated and told her that "he was upset that he was let go, that he didn't have any notice of it ... beforehand. He expressed that he worked hard and worked for the company for a number of years and he wasn't happy that they let him go without any notice and that they only gave him two weeks' pay." (*See* Shanks Deposition, dated August 29, 2005 at 157.)

■ To form the basis of a retaliation action under Title VII, an employer must have "understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Galdieri–Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir.1998). Thomas's alleged complaint to Shanks did not indicate that the treatment complained of was racially motivated or otherwise related to Thomas's Title VII rights. Accordingly, Thomas's complaint to Shanks cannot form the basis for a retaliation claim.

2. *Circumstantial Evidence of Causation*

Thomas further argues that the Court overlooked circumstantial evidence in the record that establishes a causal connection between Thomas's complaints in August 2002 and the alleged negative and non-positive references provided to potential employers in September 2003. Thomas cites evidence of Baron's racial antagonism toward Thomas, threats made by Baron and Agarwal, evidence suggesting that there was no legitimate basis for the alleged negative references, and the fact that iStar allegedly departed from its formal policy of providing only neutral information by providing a negative reference for Thomas. (*See* Plaintiff's Statement of Material Facts ("SOF") at ¶¶ 312, 313.) Thomas is correct that this type of circumstantial evidence may constitute indirect evidence of causal connection between complaints and subsequent adverse actions. *See Housing Works Inc. v. City of New York*, 72 F.Supp.2d 402, 424 (S.D.N.Y.1999) (stating rule that departures from established policy may provide indirect evidence of a causal connection between protected action and adverse action). However, the Court concludes that the record does not contain admissible evidence supporting Thomas's allegations that iStar provided any negative references other than the statements made by Colette Tretola ("Tretola") to her husband. With regard to Tretola's statements, the record lacks sufficient evidence to support a causal connection between Thomas's complaints and the statements. Similarly, the record does not sufficiently support a causal connection between Thomas's complaints and the neutral references iStar provided for Thomas after his termination.

a. *No Admissible Evidence of Negative References*

■ With the exception of Tretola's statements, the record is devoid of admissible evidence that iStar provided negative references for Thomas. Thomas alleges

that in September 2003, a recruiter informed him that she could not continue efforts to place him because when she contacted iStar for a reference, the person she spoke to "didn't speak very highly of [Thomas]." (*See* SOF at ¶¶ 312, 313.) However, Thomas's allegation is inadmissible hearsay. Furthermore, Thomas's bare assertion that he was unable to obtain employment after his termination at iStar is not sufficient to support an inference that iStar provided negative references to potential employers or employment agencies.

### b. *Tretola's Statements*

In contrast, Thomas's allegation that Tretola made negative statements about him to her husband, the owner of a recruiting firm, is supported by admissible evidence. Tretola's statements to her husband were not made in response to, or in anticipation of, a request for a reference from an employer or placement agency. Accordingly, Tretola's statements are not properly categorized as a "reference." Regardless of how the statements are categorized, there is insufficient evidence of a causal connection between Thomas's complaints and Tretola's statements to her husband to support a retaliation claim. As set forth in the Order, the temporal proximity between Thomas's complaint and Tretola's statements is insufficient to support an inference of causation. Furthermore, there is no evidence of a pattern of racial antagonism toward Thomas by Tretola. Finally, while providing a negative reference constitutes a violation of iStar company policy, Tretola's statements were made in the context of a conversation with a spouse, rather than in response to a request or in anticipation of a request for a recommendation. Thus, her statements do not represent an obvious or straightforward violation of iStar's policy regarding providing job references. Accordingly, the

Court concludes that there is there is insufficient circumstantial evidence of causation to support a retaliation claim on the basis of Tretola's statements to her husband.

### c. *Neutral References*

■ Finally, the Court concludes that there is insufficient evidence of a causal connection between Thomas's August 2002 complaints and the alleged non-positive references provided by iStar after Thomas's termination in 2003. First, iStar's provision of neutral references does not represent a departure from established company policy. Second, there is no evidence that the neutral references were provided by Baron or Agarwal, the employees who demonstrated racial antagonism toward Thomas. Third, the temporal proximity between Thomas's complaint and iStar's neutral references is insufficient to support an inference of causation. Accordingly, Thomas's motion for reconsideration of the Court's grant of summary judgment on his retaliatory negative or non-positive references claim is denied.

## C. *RETALIATORY THREATS*

The Court granted summary judgment to Defendants on Thomas's retaliatory threats claim on the ground that the alleged threats did not constitute a materially adverse action actionable under Title VII. Thomas correctly asserts that the alleged threats are not properly characterized as hearsay, as the threats were not offered to prove the truth of the statements but only to prove that the statements were made. *See Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000). However, Thomas does not point to any authority or facts overlooked by the Court in its earlier determination that the alleged threats do not constitute a materially adverse action under *Burlington Northern*

*and Santa Fe Railway Co. v. White,* ——
U.S. ——, 126 S.Ct. 2405, 165 L.Ed.2d 345
(2006). Accordingly, Thomas's motion for
reconsideration is denied to the extent that
the motion seeks reversal of the Court's
grant of summary judgment to Defendants
on Thomas's retaliatory threats claim.

## IV. *ORDER*

For the reasons stated above, it is here-
by

**ORDERED** that the motion of plaintiff
Kenneth Thomas (Docket No. 48) pursuant
to Local Civil Rule 6.3 for reconsideration
of certain portions of the Court's July 7,
2006 Decision and Order is DENIED.

**SO ORDERED.**