Maia **FERRAND**, Plaintiff,

v.

Credit **LYONNAIS**, Defendant.

No. 02 Civ. 05191(VM).

United States District Court, S.D. New York.

Signed May 15, 2015.

---

Jeffrey Lew Liddle, Liddle & Robinson, LLP, New York, NY, for Plaintiff.

Barbara M. Roth, Hogan Lovells U.S. LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Maia Ferrand ("Ferrand") brought the referenced action in the Southern District of New York alleging gender discrimination against her prior employer, defendant Credit Lyonnais. By Decision and Order dated September 30, 2003, this Court granted Credit Lyonnais' motion for summary judgment (Dkt. No. 32), and by Order dated November 19, 2003, it denied Ferrand's motion requesting reconsideration. (Dkt. No. 39.)

By letter dated April 20, 2015, Ferrand moved the Court to "seal from the public record the Decisions and Orders in the referenced matter to avoid continued harm to Ms. Ferrand, and to direct all search engines to remove the Decisions and Orders from the public domain." (Dkt. No. 43.) The Court now considers Ferrand's motion.

## LEGAL STANDARD

■ The right of public access to judicial documents is protected both by a common law right of public access and by the First Amendment to the United States Constitution. *See United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 238–39 (2d Cir. 2014) (noting that a "common law right of public access to judicial documents is said to predate even the Constitution itself,"

and that the First Amendment provides even "stronger" protection of the public right of access).

■ The first step in determining whether a right of public access applies is to determine if the document is a "judicial document," which requires considering whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted). Upon a finding that a document is a judicial document, the next step is for the Court to determine the weight of the presumption of access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995). "Finally, after determining the weight of the presumption of access, the court must balance competing considerations against [public access]." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). Public access may be denied only where competing interests outweigh the presumption. *Id.*

■ The First Amendment to the Constitution provides even greater protection of the public right to access judicial documents. First, the Court must determine whether "experience and logic" support making the document available to the public, which requires considering "whether the documents have historically been open to the press and general public," and whether "public access plays a significant positive role in the functioning of the particular process in question." *Erie Cnty.*, 763 F.3d at 239 (*citing Lugosch*, 435 F.3d at 120) (internal quotation marks omitted). Where the circumstances satisfy those two prongs, the First Amendment right of access applies, and a document "may be

sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (*citing Lugosch,* 435 F.3d at 120) (internal quotation marks omitted).

### APPLICATION

Ferrand requests the Court seal the Decisions and Orders granting Credit Lyonnais' motion for summary judgment and denying Ferrand's motion for reconsideration, and also direct all search engines to remove them from the public domain. These rulings are matters of public record appearing not only on the docket of this Court and in search engine results, but they are also published in law reporters. See *Ferrand v. Credit Lyonnais,* 292 F.Supp.2d 518 (S.D.N.Y.2003); *Ferrand v. Credit Lyonnais,* No. 02–cv–5191, 2003 WL 22251313 (S.D.N.Y. Sept. 30, 2003). Accordingly, the Court's sealing of its Decisions and Orders on the docket, and even directing search engines to remove them, would be pointless if done to remove public information about them.

■ Nonetheless, applying the above precedent, these rulings are clearly judicial documents as a court's decisions are by definition "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch,* 435 F.3d at 119 (2d Cir.2006) (internal quotation marks omitted). The presumption carries great weight here, as few, if any, documents have a greater "role" in the "exercise of Article III judicial power" than the decisions of judges. *Amodeo,* 71 F.3d at 1049 (2d Cir.1995).

Having found the Decisions and Orders to be judicial documents and that therefore a common law presumption of access applies, the next step would ordinarily be for the Court to determine the weight of the presumption and compare it to competing interests. See *Lugosch,* 435 F.3d at 119–

20. However, since the Court finds a First Amendment right of public access attaches to the Decisions and Orders, "which is stronger and can only be overcome under more stringent circumstances than the common law presumption," the Court need not continue in its common law analysis. *Erie Cnty.,* 763 F.3d at 239.

■ Turning now to the first prong of the First Amendment right of public access analysis, "experience." A court's decisions have "historically been open to the ... general public." *Id.* (*citing Lugosch,* 435 F.3d at 120) (internal quotation marks omitted). Indeed, there is a great history in this country of courts recognizing a "general right to inspect and copy public records and documents, including judicial records and documents, in part because the public has an interest in keeping a watchful eye on the workings of public agencies." *Id.* (*citing Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1979)). Thus, here the first prong of the right to public access test is met.

■ As to the second prong, regarding "logic," public access to courts' decisions "plays a significant positive role in the functioning of the [judicial system]," insofar as public access furthers the "democratic monitoring of judicial processes," which in turn "provides judges with critical views of their work and deters arbitrary judicial behavior." *Id.* (*citing Amodeo,* 71 F.3d at 1048). Thus the second prong of the test is also met in the matter at hand.

■ As the Decisions and Orders at issue here meet both prongs of the First Amendment right of public access test, they should be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* The Court con-

cludes that no such findings are warranted on the record before the Court and therefore Ferrand's motion to seal this Court's Decisions and Orders in this case must be denied.

### ORDER

Accordingly, it is hereby

**ORDERED** that the motion by plaintiff Maia Ferrand (Dkt. No. 43) to seal and remove from the public record the Decision and Order dated September 30, 2003 (Dkt. No. 32) and the Order dated November 19, 2003 (Dkt. No. 39), and to direct all search engines to remove them from the public domain, is **DENIED.**

**SO ORDERED.**