■ MICHAEL A. WEINER, Respondent, v DIEBOLD GROUP, INC., et al., Appellants, et al., Defendant.—Judgment of the Supreme Court, New York County (Francis Pecora, J.), entered August 1, 1990, which, *inter alia,* on a directed verdict, granted the plaintiff a judgment against the defendants, for the sum of $224,886.25, is unanimously modified, on the law, to reverse the judgment and remand the matter for a new trial and otherwise affirmed without costs or disbursements.

In September 1973, the plaintiff was hired by John Diebold and Associates (JD&A), a division of The Diebold Group engaged primarily in information management consulting, as an associate consultant. He signed an employment contract which provided that his employment with JD&A would continue indefinitely until terminated by either party upon fourteen days' notice.

In 1978, the plaintiff was promoted and made a director of the JD&A division. He was informed by the division's president, Mr. Freiser, that he was then eligible for the firm's incentive compensation plan. Under the plan, each participant would be paid an annual sum in addition to his base pay, calculated upon the division's revenue and the amount thereof attributable to the individual participant's performance. Payment of the sum was deferred, with half being paid at the end of the calendar year to which the sum applied, and the remaining 50% being paid in four equal installments over the course of the following year. It was the defendants' policy that the payment of the second 50% was contingent on continued employment with the firm.

Plaintiff voluntarily left JD&A in May 1987. It was not disputed that he was a key employee and was responsible at times for up to 85% of the division's revenue. Plaintiff commenced this action, to recover three unpaid installments of the annual incentive payments that would have been paid to him in June, September and December 1987.

There was conflicting testimony at trial by plaintiff and various officers and former officers of The Diebold Group and JD&A with respect to the administration and application of the forfeiture rule and the nature of the incentive compensation, as well as differing memoranda submitted in evidence.

After the close of the evidence at trial, the court directed a verdict in favor of the plaintiff on his breach of contract claim,

and awarded him the 1986 incentive compensation plus an amount owed for the period up to his departure in 1987, plus attorneys' fees. Essentially the court found that the annual incentive compensation sum, whether deferred or not, was earned wages and not a bonus payable at the discretion of the employer. Thus, the court held that forfeiture of incentive payments in this case was an illegal withholding or deprivation of earned wages. The Court specifically stated that knowledge of or acquiescence in the forfeiture was immaterial. It did, however, dismiss plaintiff's claims asserted against John Diebold individually.

The rule with respect to the payment of bonuses is well settled. "An employee's entitlement to a bonus is governed by the terms of the employer's bonus plan". *(Hall v United Parcel Serv.,* 76 NY2d 27, 36, citing *Bayer v Oxford Univ. Press,* 270 App Div 586, *affd* 296 NY 780.)* It is also an accepted principle that an employment without specific termination date is terminable at will and that a sales representative paid on a commission basis is not entitled to commissions after termination of employment. *(Mackie v La Salle Indus.,* 92 AD2d 821, 822.)* To be considered along with the above rules, however, is the long standing policy against the forfeiture of earned wages which applies to earned, uncollected commissions as well *(see, Cohen v Lord, Day & Lord,* 75 NY2d 95, 101-102).

Upon statement of the above rules, it is clear, that the main issue to be determined in this case was whether the incentive compensation paid to plaintiff and similarly situated employees was a "bonus" payable at the discretion of the employer, and thus subject to forfeiture, or post employment commissions such as those earned by a sales representative as to which the employer has no right to withhold or, "earned wages" also not subject to forfeiture. Given the conflicting evidence and testimony concerning the nature of the incentive payment, and the inconsistent manner in which the forfeiture policy was applied, this issue presented a question of fact which should not have been taken away from the jury. *(See, Rosenkranz v Schreiber Brewing Co.,* 287 NY 322.)

While the parties to a contract are free to make any bargain they wish and are held to bargains made by them with their eyes open *(Lewis v Vladeck, Elias, Vladeck, Zimny & Engelhard,* 57 NY2d 975), they are not free to enter into contracts which violate public policy. *(Cohen v Lord, Day & Lord, supra,* at 101.) Thus, if the incentive compensation

payments were payments of earned wages, the plaintiff could not contract to forfeit them.

However, the court's dismissal of the claims against John Diebold individually was proper, as there was no evidence that Diebold individually had any contractual duty to the plaintiff under the employment contract between JD&A and the plaintiff. Concur—Kupferman, J. P., Asch, Kassal and Smith, JJ.