■ ANDREW MIRCHEL, Appellant, v RMJ SECURITIES CORP., Respondent. [613 NYS2d 876] —Judgment of the Supreme Court, New York County (Herman Cahn, J.), entered October 8, 1993, dismissing the complaint pursuant to CPLR 3212, unanimously reversed, on the law and the complaint reinstated, without costs. Appeal from the order of the same court and Justice, entered September 9, 1993, granting defendant's motion for summary judgment, unanimously dismissed as subsumed in the appeal from the judgment, without costs.

Plaintiff was employed as a government securities broker by defendant RMJ Securities from May 3, 1982 until January 20, 1987. Plaintiff alleges that, prior to commencing employment, Richard M. Jackson, defendant's president, offered him a compensation package that included base salary, annual bonus—described as "substantial" in proportion to the base salary—and contribution to a pension fund in an amount equal to 10% of the combined base salary and bonus. Plaintiff accepted the offer of employment at a starting base salary of $25,000 and began work in May 1982. It is not disputed that plaintiff's employment was at will.

Consistent with the alleged employment agreement, and throughout the term of his employment, plaintiff's compensation included a substantial bonus and the prescribed contribution to the pension plan. Plaintiff also availed himself of the opportunity to receive an advance against his anticipated bonus during the year in which it was earned, to be recouped out of the bonus, when paid, and secured by an interest-bearing promissory note due in January of the following year.

In December 1986, plaintiff was informed by defendant that his earned bonus for 1986 would be $25,000. Approximately one week later, plaintiff received a letter from one of defendant's officers, accompanied by the draft of a proposed employment contract. The letter stated that the bonus would be paid in two equal installments during the first weeks of January and March 1987. Furthermore, payment was conditioned upon execution of the employment agreement, containing a one-year noncompetition clause and a provision setting compensation for the following year at a fixed base salary, with any payment from defendant's employee bonus plan at the sole

discretion of the company. The letter further stated that, should plaintiff choose not to sign the employment contract, his 1986 bonus would be paid in equal installments during June and December of 1987 and would be conditioned upon plaintiff's remaining in defendant's employ throughout the year.

Plaintiff found the proposed terms of employment to be unacceptable and resigned from his position on January 20, 1987. Plaintiff thereafter repaid to defendant a $10,000 advance he had taken in August against his 1986 bonus, together with interest. When defendant refused to pay the 1986 bonus of $25,000, plaintiff commenced this action seeking recovery on the grounds of, *inter alia*, breach of contract, breach of an implied contract, and quantum meruit.

Defendant moved for summary judgment dismissing the complaint pursuant to CPLR 3212, asserting failure to state a cause of action and the Statute of Frauds. Defendant claimed that its policy has always been to make bonus payments at its discretion, and then only if the employee continues to work for the company; that the employee bonus is paid as an inducement to continued satisfactory employment; and that, in accordance with this policy, defendant will not make a bonus payment to a former employee. The IAS Court determined that plaintiff failed to submit admissible evidence establishing his entitlement to recover the $25,000 bonus for 1986 and granted the motion to dismiss the complaint.

In *Weiner v Diebold Group* (173 AD2d 166, 167), this Court recognized New York State's "long standing policy against the forfeiture of earned wages" and noted that whether unpaid "incentive compensation" under a defendant's bonus plan constitutes a discretionary " 'bonus' " or " 'earned wages' " not subject to forfeiture is an issue of fact. Employees in this State may enforce an agreement to pay an annual bonus made at the onset of the employment relationship where such bonus constitutes "an integral part of plaintiff's compensation package" *(Harden v Warner Amex Cable Communications,* 642 F Supp 1080, 1096 [SD NY 1986]).

In granting summary judgment dismissing the complaint, the IAS Court credited the uncorroborated assertion of defendant's president that the company's policy made payment of a bonus both discretionary and contingent upon continued satisfactory employment. This finding, however, ignores plaintiff's conflicting contention that the company entered into an explicit oral employment agreement, reaffirmed by defendant in 1986, agreeing to pay a substantial annual bonus as part of

plaintiff's compensation. It is well settled that it is not the court's role to pass upon issues of credibility on a summary judgment motion *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341; *Dauman Displays v Masturzo,* 168 AD2d 204, 205, *lv dismissed* 77 NY2d 939). The sharply conflicting affidavits submitted by the parties raise an issue of fact as to the enforceability of the alleged 1982 employment agreement *(Zuckerman v City of New York,* 49 NY2d 557, 562).

Regarding the Statute of Frauds defense, New York courts have consistently held that General Obligations Law § 5-701 (a) (1) is to be strictly construed and limited to those contracts that "by their very terms have absolutely no possibility in fact and law of full performance within one year" *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 463; *Marini v D'Apolito,* 162 AD2d 391, 393). In any event, documentary evidence in defendant's own files, including a December 1, 1986 letter to the plaintiff confirming that the amount of his earned bonus for 1986 is $25,000 and defendant's computer records listing plaintiff's "1986" bonus as $25,000, satisfy any writing requirement under the Statute of Frauds (General Obligations Law § 5-1105).

Similarly, an implied contractual relationship may be established by conduct of the parties, as well as by express agreement *(Land-Site Contr. Corp. v Marine Midland Bank,* 177 AD2d 413, 415). The course of dealing between the parties evinces an implied promise that annual or semi-annual bonus payments constitute a part of plaintiff's compensation *(Giuntoli v Garvin Guybutler Corp.,* 726 F Supp 494, 507 [SD NY 1989]; *Shapira v United Med. Serv.,* 15 NY2d 200, 210 ["existence of an implied contract is a question of fact"]). That the amount of each annual bonus was determined at the end of the year does not bar recovery under an implied contract *(Giuntoli v Garvin Guybutler Corp., supra,* at 508). Nor can a bonus be withheld because, as here, the employee did not work until the date the bonus was to have been paid *(Watson v Prentice-Hall, Inc.,* 50 AD2d 1077).

Contrary to the IAS Court's determination, plaintiff's quantum meruit cause of action for the reasonable value of his 1986 services is not duplicative of his express contract claim. It is well established that a claim in equity to recover the reasonable value of services rendered under a theory of unjust enrichment may be pleaded in the alternative to a contract claim and may be employed as an alternative basis for recovery should the contract sued upon be held void under the

Statute of Frauds *(Farash v Sykes Datatronics,* 59 NY2d 500, 503-504; *see also, Peters v Morse,* 96 AD2d 662; *Grossberg v Double H. Licensing Corp.,* 86 AD2d 565, 566). Neither is the claim barred by the Statute of Frauds as contingent upon proof of the oral contract *(compare, Tallini v Business Air,* 148 AD2d 828) but stands as a viable and independent basis for recovery. Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.