■ BRETT R. KAPLAN, Appellant, v CAPITAL COMPANY OF AMERICA LLC et al., Respondents. [747 NYS2d 504] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 28, 2001, dismissing the complaint and bringing up for review an order, same court and Justice, entered on or about August 9, 2001, which granted defendants' motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order entered on or about August 9, 2001,

unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The court properly dismissed plaintiff's breach of contract claims since he had no contractual right to the bonuses he seeks to recover. Although ordinarily the question of whether unpaid compensation constitutes a discretionary bonus or nonforfeitable earned wages is a question of fact (*see Mirchel v RMJ Sec. Corp.*, 205 AD2d 388, 389), here the bonus compensation sought was clearly stated in the company handbook to be purely discretionary. The handbook also clearly stated that its terms alone would govern the employment relationship and that no other promises regarding the terms of employment could be made, except by specific individuals and in writing. Defendant signed documents providing that he understood these terms (*see generally Hall v United Parcel Serv. of Am.*, 76 NY2d 27, 36-37). Although the handbook asserted that the policies and benefits contained therein were not intended to be contractual and were subject to change at any time, this provision was plainly not intended to render the handbook wholly nugatory (*see e.g. Lobosco v New York Tel. Co.*, 96 NY2d 312, 317). Given the clearly expressed policy of the company that bonuses were to be paid solely at the company's discretion, and the provision requiring a writing executed by specified persons on the company's behalf to alter the terms of the employment relationship, plaintiff has no sustainable claim that defendant company entered into an enforceable agreement entitling him to bonus compensation. It is plain, in light of the company handbook, that the company officers with whom plaintiff dealt were without actual or apparent authority to bind the company to pay a bonus and that the company had no intention of incurring such an obligation by means of an oral agreement such as the one alleged.

Plaintiff's remaining claims, to recover bonus compensation in quantum meruit, or pursuant to Labor Law § 193, or to recover on theories of fraudulent concealment and promissory estoppel are all without merit. Given the circumstance that plaintiff had no contractual right to a bonus and was clearly apprised of, and acknowledged in writing that he understood, the company policy that the payment of bonus compensation was purely discretionary, none of these theories is viable. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.