■ DE MARIE & SCHOENBORN, P.C., et al., Appellants, v WILLIAM R. LONCAR et al., Defendants, and MICHAEL B. DIXON, Respondent. [765 NYS2d 288] —Appeal from those parts of an or-

der and judgment (one document) of Supreme Court, Erie County (Rath, Jr., J.), entered May 31, 2002, that apportioned attorneys' fees between plaintiffs and defendant Michael B. Dixon.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by vacating those parts apportioning $14,851.50 in attorneys' fees together with interest thereon and determining the total sums awarded and the amounts of the default judgments and by providing that, of those fees, defendant Michael B. Dixon is entitled to $8,518.50 and plaintiffs are entitled to $6,333 and as modified the order and judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiffs appeal from those parts of an order and judgment apportioning $14,851.50 in attorneys' fees between them and defendant Michael B. Dixon. The fees were awarded to William R. Loncar and Paula Shaughnessy (defendants) by the United States Court of Federal Claims in connection with a proceeding defendants had commenced under the National Vaccine Injury Compensation Program (42 USC § 300aa-10 *et seq*.). Dixon brought the matter to his former law firm while an associate there and continued to represent defendants for a time after leaving the firm. Plaintiff De Marie & Schoenborn, P.C., the successor of the firm, thereafter represented defendants until it too was discharged by them and they decided to proceed pro se. The fees were awarded on a quantum meruit basis pursuant to 42 USC § 300aa-15 (e) (1) after the federal proceeding was dismissed.

Supreme Court properly determined that the fees earned while Dixon was an associate with his former law firm are subject to the fee arrangement the firm had with its associates. To conclude otherwise would run afoul of the "long standing policy against the forfeiture of earned wages" (*Weiner v Diebold Group*, 173 AD2d 166, 167 [1991]). The court erred, however, in determining that the fees thereafter earned by Dixon and then by plaintiffs are also subject to that fee arrangement (*see Vance v Northern Elec. Co.*, 261 AD2d 851, 852 [1999]). Thus, Dixon is entitled to the $54 in fees that he earned while representing defendants after leaving the law firm and 60% of the fees earned by the firm while he was employed there as an associate. We therefore modify the order and judgment by vacating those parts apportioning $14,851.50 in attorneys' fees together with interest thereon and determining the total sums awarded and the amounts of the default judgments and by

providing that, of those fees, Dixon is entitled to $8,518.50 and plaintiffs are entitled to $6,333, and we remit the matter to Supreme Court, Erie County, to determine interest, the total sums awarded and the amounts of the default judgments. Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.