■ SATHISH MODUGU, Respondent, v CONTINUUM HEALTH PARTNERS, INC., et al., Appellants. [771 NYS2d 118]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 24, 2003, which denied defendants' motion for summary judgment without prejudice to renewal upon the completion of discovery and directed that the parties stipulate to a deposition schedule, unanimously reversed, on the law, without costs, and defendants' motion for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff, who voluntarily resigned his position as a doctor in Beth Israel Medical Center's faculty practice group, contends that the hospital, as a punitive measure, reduced, then eliminated, his supplemental compensation during the period between his resignation and the termination of his employment 120 days later, by changing its policies and delaying its billing for his work.

Although ordinarily the question of whether unpaid compensation constitutes a discretionary bonus or nonforfeitable earned wages is a question of fact (see Mirchel v RMJ Sec. Corp., 205 AD2d 388 [1994]), here the parties' agreement unambiguously provides that the practice group had the discretionary authority to decide if the supplemental salary is to be paid and how it is to be computed. The faculty practice group's policies and procedures further provide that such policies may be amended at any time, without prior notice to its participants, in the sole discretion of the practice group. They further provide that nothing in any of these policies or procedures shall be deemed to create vested rights of any kind in its participants.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Applying this standard, the foregoing provisions unambiguously demonstrate that the supplemental compensation was expressly made discretionary under the parties' agreement.

Although plaintiff may ascribe a bad motive to defendants' discretionary choices, this does not suffice to warrant the denial of the motion due to a purported need for further discovery in view of plaintiff's failure to submit an opposing affidavit, thereby failing to offer any facts to support his claim of bad faith so as to require further discovery. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.