■ JENNY V. GRUBER, Respondent, v J.W.E. SILK, INC., Appellant. [859 NYS2d 650]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 24, 2008, which denied defendant's motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs.

Plaintiff was hired by defendant in 2002 to head its home furnishings division. Plaintiff alleged that in late 2004 or early 2005 the parties agreed that in exchange for her agreement to remain at the company for the year, she would be paid in 2005 a base salary of $200,000, payable bimonthly, and additional compensation of $75,000, payable sporadically over the course of the year. She claimed she reached the same agreement with defendant in early 2006. She left in March 2006, allegedly, in part, because the additional payments were not made.

Defendant contends that plaintiff's salary was $200,000 and the additional payments were discretionary bonuses, based on

performance and profitability. Defendant also argues that the alleged agreement to make the additional payments is not enforceable under General Obligations Law § 5-1105 in the absence of a writing clearly describing the past consideration.

As a general rule, an employee has no enforceable right to payment under a discretionary compensation or bonus plan (*see Namad v Salomon Inc.*, 147 AD2d 385 [1989], *affd* 74 NY2d 751 [1989]). However, there is a long-standing policy against forfeiture of earned wages. Whether unpaid incentive compensation under a bonus plan constitutes a discretionary bonus or earned wages not subject to forfeiture is an issue of fact (*see Mirchel v RMJ Sec. Corp.*, 205 AD2d 388 [1994]).

Plaintiff's affidavit and testimony are at odds with the affidavit and testimony of defendant concerning whether the additional payments were discretionary and based on performance and profitability or whether they were an integral part of her total compensation package, the consideration for which was her agreement to remain at the company for the year. If plaintiff's version of events is accepted, defendant may be found liable for the additional compensation despite section 5-1105 because the consideration was not for plaintiff's past performance, but for her agreement to stay with the company in the future. Triable issues of fact preclude summary disposition here. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.