■ DANIEL RYAN, Respondent, v KELLOGG PARTNERS INSTITUTIONAL SERVICES, Appellant. [914 NYS2d 81]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J., and a jury), entered February 24, 2010, awarding plaintiff the total sum of $379,956.65, and bringing up for review an order, same court and Justice, entered January 6, 2010, which, inter alia, denied defendant's motion for a directed verdict, for judgment notwithstanding the verdict or for a new trial, and granted plaintiff's cross motion for attorney's fees and costs pursuant to Labor Law § 198 (1-a), and an order, same court and Justice, entered February 22, 2010, which amended the order entered January 6, 2010 to deny defendant's motion at trial to amend its answer and affirmative defenses, affirmed, without costs. Appeal from the January 6, 2010 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court properly denied defendant's motions for a directed verdict (CPLR 4401), and for judgment notwithstanding the verdict or for a new trial (CPLR 4404 [a]). Regardless of the employment application and employee handbook, the jury found that the parties entered into binding oral agreements whereby plaintiff was to leave his current employment to work for defendant and receive a bonus of $175,000 at the end of one year, payment of which was orally extended to the end of the following year. The verdict is based on sufficient evidence and is not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The trial court correctly determined that defendant waived reliance on statutory provisions requiring an agreement to be reduced to a writing (General Obligations Law §§ 5-701, 5-1103, 5-1105) by failing to plead the statute of frauds as an affirmative defense in its answer (CPLR 3018 [b]; *see 23/23 Communications Corp. v General Motors Corp.*, 257 AD2d 367, 367 [1999], *lv denied* 93 NY2d 805 [1999]). The court also providently exercised its discretion in denying defendant's trial motion to amend his pleadings to assert these provisions, particularly since the motion was interposed after the close of plaintiff's evidence (*see Mayers v D'Agostino*, 58 NY2d 696 [1982]).

Even if defendant had not waived the statute of frauds, the court properly determined that the subject General Obligations Law provisions do not apply to the facts of this case. Contrary to defendant's contention, the oral agreements to pay plaintiff a bonus were not based solely on past consideration, but on present and future consideration, respectively, plaintiff's promises to leave his current employer to join defendant and to work for defendant until the end of the year (*see Gruber v J.W.E. Silk, Inc.*, 52 AD3d 339, 340 [2008]), and thus the court correctly declined to charge General Obligations Law § 5-1105. Furthermore, because defendant disputed the existence of the oral agreements, and the agreements were capable of completion within one year, including the 2004 agreement which was supported by separate and new consideration, the court correctly declined to charge General Obligations Law § 5-701 (a) (1) and § 5-1103 (*cf. J.R. Loftus, Inc. v White*, 85 NY2d 874, 876 [1995]; *Weisse v Engelhard Mins. & Chems. Corp.*, 571 F2d 117 [1978]).

The court correctly determined that plaintiff's breach of contract claim was not barred by the provisions of defendant's employee handbook or his employment application. Those documents did not clearly indicate that bonuses are discretionary (*cf. Smalley v Dreyfus Corp.*, 40 AD3d 99, 106 [2007], *revd on other grounds* 10 NY3d 55 [2008]; *Kaplan v Capital Co. of Am.*, 298 AD2d 110, 111 [2002], *lv denied* 99 NY2d 510 [2003]), and whether the $175,000 payment was intended to be a discretionary bonus or earned income was a factual question for determination by the jury (*see Weiner v Diebold Group*, 173 AD2d 166, 167 [1991]).

The court providently exercised its discretion to preclude inquiry into plaintiff's financial commitments at the time he entered into the oral agreements with defendant. As the court determined, plaintiff's personal life was a collateral matter that had no direct bearing on any issue in this case other than credibility (*see generally Crooms v Sauer Bros. Inc.*, 48 AD3d 380,

381 [2008]). Moreover, any possible prejudice to defendant was alleviated by plaintiff's testimony that he found it necessary to take out a $50,000 loan against his 401(k) account as a result of not being paid his bonus.

The court properly determined that plaintiff was entitled to attorney's fees under New York Labor Law § 198 (1-a). Contrary to defendant's contention, the type of bonus agreement involved in this case, i.e., a non-discretionary bonus based on labor and services rendered, constitutes "wages" within the meaning of Labor Law § 190 (1) (cf. *Truelove v Northeast Capital & Advisory*, 95 NY2d 220, 224 [2000]; *Hunter v Deutsche Bank AG, N.Y. Branch*, 56 AD3d 274 [2008]). Concur—Tom, J.P., Acosta and Román, JJ.

Friedman and McGuire, JJ., dissent in a memorandum by McGuire, J., as follows: I would reverse and dismiss the complaint on the ground that plaintiff's breach of contract claim is barred by the employment application he signed and the employee handbook. With respect to the former, plaintiff acknowledged his understanding that none of appellant-employer Kellogg Partners' "policies or procedures . . . carry any guarantee of employment for any length of time and that my employment, compensation and benefits are at will and can be terminated, with or without cause or notice, at any time, at the option of [employer] or myself." The majority upholds plaintiff's claim of entitlement to a bonus on the ground that the language just quoted does not "clearly indicate that bonuses are discretionary." Even assuming that the application or handbook must "clearly indicate" that bonuses are discretionary, that requirement was easily satisfied. Although the majority is not clear on the point, it may be of the view that the word "bonus" must appear in either the application or the handbook. If so, suffice it to say that none of the cases the majority cites so holds and that, at least in this context, it makes no sense to insist that an employer use a specific rather than a more encompassing word (cf. *Bazak Intl. Corp. v Mast Indus.*, 73 NY2d 113, 125 [1989] [rejecting significance in commercial case of failure of merchant to use "magic words"]). I need not determine whether appellant also is entitled to reversal on the other grounds it raises.