■ ELENA G. DE MADARIAGA, Appellant-Respondent, v UNION BANCAIRE PRIVÉE et al., Respondents-Appellants. [961 NYS2d 50]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered June 26, 2012, which granted so much of defendants' motion as sought to dismiss the first and fourth through seventh causes of action and denied so much of the motion as sought to dismiss the second and third causes of action, unanimously modified, on the law, to grant the motion as to the second and third causes of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

Defendants' policy that the payment of bonuses was entirely discretionary was clearly expressed in the offer letter to plaintiff, in the company handbook, and in a memorandum confirming plaintiff's 2010 bonus, and plaintiff acknowledged in writing that she understood the policy. Thus, none of her bonus-based claims—the causes of action for breach of an oral contract, quantum meruit/unjust enrichment, promissory estoppel, violation of Labor Law § 193, and fraud—are viable (*see Kaplan v Capital Co. of Am.*, 298 AD2d 110 [1st Dept 2002], *lv denied* 99 NY2d 510 [2003]).

Plaintiff's severance-related breach of contract claims are premised upon defendants' alleged promise to pay her a severance package "consistent with the severance packages paid to" other "senior executives who were terminated by [defendants]." This alleged promise is "too indefinite to permit enforcement" (*see Glanzer v Keilin & Bloom*, 281 AD2d 371, 372 [1st Dept 2001]). Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.