# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**372**
**CA 14-01089**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

NOAH DOOLITTLE, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

NIXON PEABODY LLP, DEFENDANT-RESPONDENT.

---

THOMAS & SOLOMON LLP, ROCHESTER (J. NELSON THOMAS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

THE WOLFORD LAW FIRM LLP, ROCHESTER (MICHAEL R. WOLFORD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 12, 2014. The judgment and order, insofar as appealed from, dismissed plaintiff's first, second, sixth and seventh causes of action upon defendant's motion for summary judgment.

It is hereby ORDERED that the judgment and order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied with respect to the first, second, sixth, and seventh causes of action, and those causes of action are reinstated.

Memorandum: Plaintiff, a former associate attorney in defendant's Rochester office, commenced this action seeking to recover a bonus that he allegedly earned during his employment with defendant. Plaintiff alleges that, during the course of his employment, various partners advised him and other associates that defendant would pay a bonus consisting of 5% of its annual fee collections in excess of $100,000 from any client generated by the associate (hereafter, collections bonus). In 2005, plaintiff generated a new client for defendant, and in August 2008 an award was issued in favor of the client in the amount of $19 million. In September 2008, plaintiff left defendant's employ for a new job. Plaintiff alleges that one of defendant's partners assured plaintiff that he would receive a collections bonus with respect to the client even if he terminated his employment with defendant. In November 2008, defendant collected a contingency fee of $5 million from the client. Defendant, however, did not pay plaintiff a 5% collections bonus in connection with that fee. Instead, in April 2009, defendant paid plaintiff a significantly smaller "team bonus" for his work on the matter. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, concluding that collections bonuses were discretionary in nature.

We note at the outset that plaintiff has not briefed any issues related to the fraud and deceit, misrepresentation, or unjust enrichment/restitution causes of action and therefore has abandoned any such issues (*see generally Route 104 & Rte. 21 Dev., Inc. v Chevron U.S.A., Inc.*, 96 AD3d 1491, 1492; *Ciesinski v Town of Aurora,* 202 AD2d 984, 984). We conclude that the court erred in granting those parts of the motion seeking summary judgment dismissing the remaining causes of action, i.e., the Labor Law, breach of contract, promissory estoppel, and quantum meruit causes of action. "An employee's entitlement to a bonus is governed by the terms of the employer's bonus plan" (*Hall v United Parcel Serv. of Am.*, 76 NY2d 27, 36, *rearg denied* 76 NY2d 889), and "a plaintiff cannot recover under New York law for breach of contract due to his employer's failure to pay him compensation pursuant to a plan, where the plan vests the employer with absolute discretion as to the entitlement and amount of any payments thereunder" (*Culver v Merrill Lynch & Co., Inc.*, 1995 WL 422203, *3 [SD NY]; *see Gruber v J.W.E. Silk, Inc.*, 52 AD3d 339, 340). However, New York also has "a long-standing policy against forfeiture of earned wages" (*Gruber*, 52 AD3d at 340), which may apply to bonuses as well (*see Arbeeny v Kennedy Exec. Search, Inc.*, 71 AD3d 177, 182). Thus, unless an employer "clearly indicate[s] that bonuses are discretionary" (*Ryan v Kellogg Partners Inst. Servs.*, 79 AD3d 447, 448, *affd* 19 NY3d 1; *see Kaplan v Capital Co. of Am.*, 298 AD2d 110, 111, *lv denied* 99 NY2d 510), the issue "whether unpaid incentive compensation under a defendant's bonus plan constitutes a discretionary bonus or earned wages not subject to forfeiture is [one] of fact" (*Mirchel v RMJ Sec. Corp.*, 205 AD2d 388, 389 [internal quotation marks omitted]).

Here, we agree with plaintiff that defendant failed to establish as a matter of law that the collections bonuses were "solely and completely a matter of defendant's discretion" (*Hunter v Deutsche Bank AG, N.Y. Branch*, 56 AD3d 274, 275). In support of the motion, defendant submitted the deposition testimony of the partner responsible for managing the firm's bonus programs, who testified that, although defendant had a "practice" of paying collections bonuses, the bonuses were discretionary. Defendant also submitted its responses to plaintiff's interrogatories, in which it stated that "the bonus amount based on collections was at all times discretionary, and was not a required 5% of collections." According to defendant, the "discretionary bonuses for collections" were based on a variety of factors, including the realization rate for the collection, the associate's total compensation, input from the associate's practice group leader, the nature of the associate's efforts to generate business, and budgetary concerns. Defendant, however, also submitted plaintiff's deposition testimony, in which he testified that he was never told that the collections bonus was discretionary. That conflicting testimony raises an issue of fact whether the collection bonuses were discretionary (*see Gruber*, 52 AD3d at 340; *Mirchel*, 205 AD2d at 389-390; *Weiner v Diebold Group*, 173 AD2d 166, 167) and, indeed, the court so found.

The court concluded, however, that defendant established that the

collections bonuses were discretionary based upon defendant's submissions showing the history of associate collections bonuses from 2004 to 2008.  Contrary to the court's determination, defendant's past practice with respect to collections bonuses is not dispositive of plaintiff's breach of contract cause of action.  It is well established that "the existence of a binding contract is not dependent on the subjective intent" of the parties (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399).  Rather, "[i]n determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their *expressed words and deeds*" (*id.* [emphasis added]).  With respect to incentive compensation in particular, an employer must "clearly state[]" that a bonus is "purely discretionary" (*Kaplan*, 298 AD2d at 111; *see Ryan*, 79 AD3d at 448), and "discretion will not be implied when such language is absent" (*Canet v Gooch Ware Travelstead*, 917 F Supp 969, 985-986).  Thus, the relevant question is not whether defendant actually awarded associates precisely 5% of collections over $100,000, but whether defendant promised plaintiff that amount, particularly given the undisputed fact that plaintiff was unaware of defendant's past practice at the time of the alleged oral agreement.  The partner in charge of the bonus program testified at his deposition that, whenever he spoke to associates about the collections bonus, he would "always" state that it was discretionary and that, "[i]f [he] talked about a specific percentage, . . . [he] would say it could be up to five percent, but taking into consideration . . . other factors."  Plaintiff, however, averred that the partner told associates at a meeting in defendant's Rochester office that defendant "*would pay* an associate 5% of defendant's annual fee collections from any client generated by that associate if defendant's annual fee collections from that client exceeded $100,000" (emphasis added).  According to plaintiff, the partner never stated that the collections bonus was discretionary, and plaintiff never heard anyone else state that the bonus was discretionary during his employment with defendant.  We thus conclude that, given the conflicting evidence and testimony concerning the nature of the collections bonus and how it was presented to defendant's employees, including plaintiff, summary judgment on the breach of contract cause of action was inappropriate (*see Pyramid Brokerage Co., Inc. v Zurich Am. Ins. Co.*, 71 AD3d 1386, 1387; *Easton Telecom Servs., LLC v Global Crossing Bandwith, Inc.*, 62 AD3d 1235, 1237; *Gruber*, 52 AD3d at 340; *Mirchel*, 205 AD2d at 389-390).  For the same reason, the Labor Law, promissory estoppel, and quantum meruit causes of action should not have been dismissed (*see Mirchel*, 205 AD2d at 389-390; *cf. De Madariaga v Union Bancaire Privée*, 103 AD3d 591, 591, *lv denied* 21 NY3d 854).

     We have reviewed defendant's alternative grounds for affirmance (*see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), and we conclude that they lack merit.


Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court