# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

830
CA 15-02171
PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

RYAN P. DENHAESE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BUFFALO SPINE SURGERY, PLLC, DEFENDANT-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 20, 2015. The order, among other things, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In an action to recover bonuses that had allegedly accrued during plaintiff's employment with defendant, defendant appeals from an order that, inter alia, denied in part its motion for summary judgment dismissing the complaint.

Contrary to defendant's contention, there are questions of fact whether the payment of plaintiff's bonuses were " 'solely and completely a matter of defendant's discretion' " (*Doolittle v Nixon Peabody LLP*, 126 AD3d 1519, 1520). Defendant submitted affidavits from its principal, Dr. Andrew Cappuccino, and from its manager, Dr. Helen Cappuccino, and in those affidavits the doctors denied that they had ever agreed to pay plaintiff a bonus pursuant to a fixed formula. Plaintiff, however, submitted an affidavit in which he averred that he was told by the Drs. Cappuccino that, in addition to his biweekly salary, he would be paid bonuses equaling his revenues less his expenses and 50% of the shared business overhead. In addition, email correspondence submitted by the parties provides additional support for plaintiff's position that defendant had a practice of calculating plaintiff's bonuses in a manner consistent with the formula described by plaintiff. Thus, "given the conflicting evidence and testimony concerning the nature of the . . . bonus[es] and how [they were] presented to . . . plaintiff," Supreme Court properly denied defendant's motion with respect to the cause of action for breach of contract (*Doolittle*, 126 AD3d at 1522). We reject defendant's

contention that judicial estoppel precludes plaintiff from asserting specific terms of the alleged agreement to pay bonuses.  We conclude that judicial estoppel does not apply to the facts of this case (*see generally Lorenzo v Kahn*, 100 AD3d 1480, 1482-1483).

Furthermore, inasmuch as there are questions of fact whether a valid agreement exists, we conclude that the court also properly denied the motion with respect to the causes of action for unjust enrichment and quantum meruit (*see generally Pappas v Tzolis*, 20 NY3d 228, 234, *rearg denied* 20 NY3d 1075; *Superior Officers Council Health & Welfare Fund v Empire HealthChoice Assur., Inc.*, 85 AD3d 680, 682, *affd* 17 NY3d 930; *Pulver Roofing Co., Inc. v SBLM Architects, P.C.*, 65 AD3d 826, 827-828).

Contrary to defendant's final contention, the fact that plaintiff labeled his Labor Law cause of action a violation of section 191 rather than section 193 does not warrant dismissal of that cause of action.  "Plaintiffs need not label [a] cause of action; in fact, even if the cause of action is labeled incorrectly, it will not be dismissed if the facts alleged constitute a cognizable cause of action" (*Cole v O'Tooles of Utica*, 222 AD2d 88, 90).  We conclude that the Labor Law cause of action sets forth a claim under section 193.  Inasmuch as there are questions of fact whether the payment of plaintiff's bonuses was solely within the discretion of defendant, we further conclude that defendant has not established its entitlement to summary judgment with respect to that cause of action (*see Doolittle*, 126 AD3d at 1522; *see also Truelove v Northeast Capital & Advisory*, 268 AD2d 648, 649, *affd* 95 NY2d 220).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court