■ Newmark & Company Real Estate, Inc., Respondent/Counterclaim Defendant-Respondent, v Paul Frischer, Appellant/Counterclaim Plaintiff-Appellant, et al., Defendant. [41 NYS3d 694]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 25, 2014, which granted plaintiff's motion to dismiss defendant Frischer's counterclaims, affirmed, without costs.

The operative employee handbook stating, inter alia, that bonuses were paid at the sole discretion of plaintiff, and the acknowledgment of the handbook's terms signed by defendant, conclusively refute the counterclaims based on the alleged oral promise to pay an annual nondiscretionary bonus (*see Kaplan v Capital Co. of Am.*, 298 AD2d 110 [1st Dept 2002], *lv denied* 99 NY2d 510 [2003]).

Nor was the discretionary bonus policy modified by the alleged oral agreement. As defendant's acknowledgment makes clear, "[N]o supervisor, manager or other representative of [plaintiff] has the authority to make any verbal promises, commitments, or statements of any kind regarding the Company's policies, procedures, or any other issues that are legally binding on the Company."

The quasi-contractual counterclaims based on the alleged agreement are likewise precluded by the discretionary bonus policy (*see Kaplan*, 298 AD2d at 111; *De Madariaga v Union Bancaire Privée*, 103 AD3d 591 [1st Dept 2013], *lv denied* 21 NY3d 854 [2013]).

The alleged oral promise to pay acquisition proceeds, however, was not established to be a "bonus" within the scope of the discretionary bonus policy. The complaint alleges that the promised payment was not performance-based, but was an inducement to keep defendant from quitting (*see Gruber v J.W.E. Silk, Inc.*, 52 AD3d 339 [1st Dept 2008]). The breach of contract counterclaim based on this alleged promise is nonetheless barred because the promise was not in writing, as required by the broad language of the acknowledgment (*see Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165, 179-180 [1st Dept 2007]).

The quasi-contractual counterclaims, to the extent predicated on an alleged agreement to pay acquisition proceeds, likewise fail. Such claims require an element of reasonable reliance on

a promise, a reasonable expectation of compensation, or an inequity, all of which are negated where, as here, the plaintiff receives adequate compensation and signed a written acknowledgment confirming the fact that no representative of plaintiff had authority to make legally binding verbal promises (*see Kaplan*, 298 AD2d at 111; *De Madariaga*, 103 AD3d 591). Concur—Sweeny, J.P., Manzanet-Daniels and Webber, JJ.

Feinman, J., dissents in part in a memorandum as follows: This appeal raises the familiar question of when an employee's bonus constitutes a discretionary bonus subject to forfeiture at the will of the employer or earned compensation *not* subject to forfeiture. The majority answers this question in favor of the plaintiff-employer, dismissing each of the defendant-employee's counterclaims, based upon plaintiff's documentary evidence. While I agree with the majority that plaintiff's documentary evidence is sufficient to conclusively refute defendant's counterclaims insofar as they relate to an alleged oral promise to pay an annual nondiscretionary bonus, I disagree that it conclusively refutes defendant's counterclaim for unjust enrichment as it relates to the alleged oral promise to pay acquisition proceeds. In my view, dismissal of this counterclaim at this early stage is premature.

On a motion to dismiss pursuant to CPLR 3211 (a) (1), we must accept the "factual allegations [in defendant's counterclaim] as true, according [him] the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory" (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 270-271 [1st Dept 2004] [internal quotation marks omitted]). Dismissal of a counterclaim is warranted only where plaintiff's documentary evidence "utterly refutes" defendant's factual allegations (*see Mill Fin., LLC v Gillett*, 122 AD3d 98, 103 [1st Dept 2014], citing *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Therefore, documentary evidence that "fails to resolve all factual issues as a matter of law" is insufficient to support dismissal (*Sirius XM Radio Inc. v XL Speciality Ins. Co.*, 117 AD3d 652, 652 [1st Dept 2014]).

In general, "[a]n employee's entitlement to a bonus is governed by the terms of the employer's bonus plan" (*see e.g. Hall v United Parcel Serv. of Am.*, 76 NY2d 27, 36 [1990]). It is well-settled under New York law that an employee has no enforceable right to payment of a bonus where a bonus plan clearly vests the employer with absolute discretion in making bonus decisions (*Gruber v J.W.E. Silk, Inc.*, 52 AD3d 339, 340 [1st Dept 2008]; *Weiner v Diebold Group*, 173 AD2d 166, 167 [1st Dept 1991]).

However, this rule is limited by the "long standing policy against the forfeiture of earned wages" (173 AD2d at 167). Therefore, when an employer fails to clearly indicate that bonuses are discretionary, the question of whether unpaid incentive compensation constitutes a discretionary bonus or earned wages not subject to forfeiture becomes one of fact (*Ryan v Kellogg Partners Inst. Servs.*, 79 AD3d 447, 448 [1st Dept 2010], *affd* 19 NY3d 1 [2012]; *Mirchel v RMJ Sec. Corp.*, 205 AD2d 388, 389 [1st Dept 1994]).

In this case, defendant's counterclaims arise from two alleged oral promises made by plaintiff to defendant: (1) a promise to pay an annual nondiscretionary bonus of $100,000 for the year of 2011; and (2) a promise to pay a portion of the proceeds derived from BGC Partners, Inc.'s acquisition of plaintiff. More specifically, in regard to the latter, defendant alleges that after communicating his desire to leave the company prior to the acquisition, plaintiff's CEO promised defendant he would receive acquisition proceeds in an amount no less than the amount received by the partner with the smallest partnership interest. Defendant further alleges that in reliance upon this promise, he did not seek alternative employment and took on additional acquisition-related responsibilities. Given the procedural posture, these allegations must be accepted as true.

In support of its motion to dismiss, plaintiff submitted as documentary evidence a copy of its employee handbook and a form signed by defendant, acknowledging his receipt and understanding of the terms of the handbook. The handbook provides that bonuses were left to the plaintiff's "sole discretion." Additionally, the signed acknowledgment form requires that any modifications to the employee handbook be in writing.

In light of the discretionary bonus plan, I agree with the majority that defendant's counterclaims based on the alleged oral promise to pay an annual nondiscretionary bonus are conclusively refuted by plaintiff's documentary evidence (*see De Madariaga v Union Bancaire Privée*, 103 AD3d 591 [1st Dept 2013], *lv denied* 21 NY3d 854 [2013]; *Kaplan v Capital Co. of Am.*, 298 AD2d 110 [1st Dept 2002], *lv denied* 99 NY2d 510 [2003]). I also agree with the majority that documentary evidence makes clear that the alleged oral promise to pay defendant acquisition proceeds cannot be a "bonus" within the scope of the discretionary bonus policy. The policy provides that bonuses are "generally paid at year end" and that plaintiff will consider "overall performance" and "[c]ompany profitability" in awarding them. Defendant alleges that the promised payment was not based on performance or profitability, but

rather, was an inducement to keep defendant from leaving the company and was given in consideration for defendant taking on additional acquisition-related responsibilities.

However, because plaintiff's bonus plan does not contemplate the alleged oral promise to pay defendant acquisition proceeds, the question of whether such unpaid incentive compensation constitutes a discretionary bonus or earned wages not subject to forfeiture becomes one of fact (*see Gruber*, 52 AD3d at 340). This conclusion is in accordance with New York law. In cases where employers induce employee reliance by promising bonuses, New York courts have permitted employee claims to go forward (*see Gruber*, 52 AD3d at 339 [finding issues of fact precluded summary judgment where employee alleged she was promised an additional bonus to remain working for her employer]; *see also Ryan*, 19 NY3d at 14 [denying employer's motion for judgment notwithstanding the verdict where employee left previous job in reliance on promise to receive bonus]; *Guggenheimer v Bernstein Litowitz Berger & Grossmann LLP*, 11 Misc 3d 926, 931 [Sup Ct, NY County 2006] [denying employer's motion to dismiss where it induced its employee to bring in business by promising to pay her a bonus]; *see also* Restatement of Employment Law § 3.02, Comment *d* ["Bonuses . . . to ensure that employees will continue working for the employer during some period of corporate change . . . normally constitute earned compensation once the conditions of the bonus are satisfied"] [emphasis omitted]).

Defendant's counterclaims for breach of contract, promissory estoppel, and quantum meruit are, as the majority holds, conclusively refuted by the signed acknowledgment form. The breach of contract counterclaim is barred by the statute of frauds, because the promise was not in writing, as required by the acknowledgment form (*see* General Obligations Law § 15-301 [1]). Likewise, the promissory estoppel and quantum meruit counterclaims must fail, because, as the majority concludes, such claims require either a reasonable reliance on a promise or an expectation of compensation. Neither can be established here, because as the signed acknowledgment form demonstrates, defendant should have known that the promise of acquisition proceeds had to be in writing (*see Kaplan*, 298 AD2d at 111).

However, I part company with the majority to the extent it affirms the dismissal of defendant's counterclaim for unjust enrichment. The signed acknowledgment form is insufficient to conclusively refute defendant's counterclaim for unjust enrichment (*see Mirchel*, 205 AD2d at 390-391 ["It is well established

that a claim . . . of unjust enrichment may be . . . employed as an alternative basis for recovery should the contract sued upon be held void under the (s)tatute of (f)rauds"]). To prevail on a claim of unjust enrichment, defendant must show (1) plaintiff was enriched (2) at defendant's expense, and (3) that "it is against equity and good conscience to permit the [plaintiff] to retain what is sought to be recovered" (*e.g. Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]).

Defendant has alleged that plaintiff promised to pay him acquisition proceeds in consideration for his remaining in plaintiff's employ, as to not interrupt business activities throughout the acquisition. In acceptance and reliance upon this promise, defendant did not seek alternative employment and took on additional acquisition-related responsibilities beyond his job description. These factual allegations are sufficient to allege a cause of action for unjust enrichment (*see Nakamura v Fujii*, 253 AD2d 387, 390 [1st Dept 1998]; *see also Guggenheimer*, 11 Misc 3d at 934 [unjust enrichment claim sufficiently pleaded where plaintiff alleged she was induced to bring business into the firm and defendant refused to pay promised bonus]). The majority necessarily views the signed acknowledgment form as conclusively refuting each of these allegations.\* However, the only way to reach this result is to conclude that defendant's allegations are incredible as a matter of law, a finding that is not appropriate at this juncture. Accepting defendant's allegations as true, he has satisfied the pleading requirements for unjust enrichment.

Accordingly, the order appealed from should be modified to deny plaintiff's motion to dismiss defendant's counterclaim for unjust enrichment, and otherwise affirmed. ■

---

\* The majority concludes that defendant's promissory estoppel, quantum meruit, and unjust enrichment counterclaims must fail because plaintiff's acknowledgment form negates "reasonable reliance on a promise, an expectation of compensation, or an inequity." Because reasonable reliance and an expectation of compensation are elements of promissory estoppel and quantum meruit respectively, the majority apparently takes the position that defendant's unjust enrichment counterclaim must fail because an inequity is refuted by the acknowledgment form.