Zinno v Frank J. Schlehr, M.D., P.C. (2019 NY Slip Op 06232)





Zinno v Frank J. Schlehr, M.D., P.C.


2019 NY Slip Op 06232


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


68 CA 18-01701

[*1]MATTHEW ZINNO, PLAINTIFF-APPELLANT,
v
FRANK J. SCHLEHR, M.D., P.C., A NEW YORK PROFESSIONAL CORPORATION, DEFENDANT-RESPONDENT. 






ROACH, LENNON & BROWN, PLLC, BUFFALO (DAVID L. ROACH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COSGROVE LAW FIRM, BUFFALO (EDWARD C. COSGROVE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 8, 2018. The order denied plaintiff's motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part with respect to the issues of liability under Labor Law § 193 and plaintiff's entitlement to the amount of any underpayment, reasonable attorneys' fees, and prejudgment interest under Labor Law § 198 (1-a), and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a former employee of defendant medical group, commenced this action seeking to recover, inter alia, "additional compensation" that he earned during his employment with defendant. Pursuant to the terms of his employment agreement, plaintiff was entitled to receive an annual salary plus certain "additional compensation" if he exceeded certain thresholds, which were calculated based on the actual gross receipts attributable to plaintiff for services he rendered during his employment with defendant, including receipts received within 90 days following any termination of his employment.
After his employment with defendant terminated, plaintiff became entitled to additional compensation, which defendant was required to pay to plaintiff by June 21, 2016. Although defendant paid plaintiff in part, defendant admitted that it failed to pay plaintiff the entire amount owed for additional compensation. Plaintiff commenced this action asserting, inter alia, a cause of action for violations of Labor Law § 193 (1) and alleging that, pursuant to Labor Law § 198 (1-a), defendant is liable for the unpaid additional compensation, liquidated damages, interest, and attorneys' fees. Plaintiff moved for partial summary judgment on liability with respect to that cause of action, and Supreme Court denied the motion.
We agree with plaintiff that the court erred in denying his motion with respect to the issue of liability under Labor Law § 193 (1), and we therefore modify the order accordingly. There is no dispute that the additional compensation owed to plaintiff constituted earned "wages" that were "vested and mandatory as opposed to discretionary and forfeitable" (Truelove v Northeast Capital & Advisory, 268 AD2d 648, 649 [3d Dept 2000], affd 95 NY2d 220 [2000]; see Labor Law § 190 [1]; see also Doolittle v Nixon Peabody LLP, 126 AD3d 1519, 1520 [4th Dept 2015]), and we conclude that defendant's failure to pay plaintiff by June 21, 2016 the full amount of the additional compensation that plaintiff had earned, as required by the parties' agreement, constituted a deduction from wages in violation of Labor Law § 193 (1) (cf. Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449-450 [1st Dept 2017]; Miles A. Kletter D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming, 32 AD3d 566, 567 [3d Dept 2006]; see generally Doolittle, 126 AD3d at 1522). Thus, plaintiff met his initial burden of establishing "entitlement to judgment as a matter of law" with respect to that part of his motion (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [*2][1980]). Defendant failed to raise material issues of fact whether it violated Labor Law § 193 (1) (see generally Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]).
In light of that determination, we further conclude that plaintiff is entitled "to recover the full amount of any underpayment, all reasonable attorney's fees, [and] prejudgment interest" (Labor Law § 198 [1-a]), and we therefore further modify the order accordingly.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court