Independent 435 CPW Tenants' Assn. v Park Front Apts., LLC (2025 NY Slip Op 01716)

Independent 435 CPW Tenants' Assn. v Park Front Apts., LLC

2025 NY Slip Op 01716

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 152192/19|Appeal No. 3199|Case No. 2023-03232|

[*1]Independent 435 CPW Tenants' Association, et al., Plaintiffs-Appellants,
v
Park Front Apartments, LLC, Defendant-Respondent.

Collins, Dobkin & Miller, LLP, New York (W. Miller Hall of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 2, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment and granted defendant's cross-motion for summary judgment dismissing plaintiffs' claims concerning apartments 1A, 1F, 1P, 1S, 3H, 3J, 3L, 3M, 4J, 4M, and 6A (together, Group 1), declared the Group 1 apartments not subject to rent stabilization, and dismissed the overcharge claims as to apartments 1B, 5P, and 1I, unanimously modified, on the law, as to plaintiffs' claims concerning the Group 1 apartments, to deny defendant's cross-motion, vacate the declaration that the apartments are not subject to rent stabilization, reinstate plaintiffs' claims, and grant plaintiffs' motion to the extent of declaring those apartments subject to rent stabilization and awarding summary judgment on overcharge liability; as to plaintiffs' overcharge claims concerning apartments 1B and 5P, to deny defendant's cross-motion, reinstate plaintiffs' claims, and grant plaintiffs' motion to the extent of awarding summary judgment on overcharge liability; and to direct that overcharge calculations disregard the rental history prior to the base date, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent with this decision.
In this action, plaintiffs seek declarations that their apartments are subject to rent stabilization and, further, bring claims for nonfraud overcharges predating the Housing Stability and Tenant Protection Act (HSTPA). As relevant here, the owner of the building previously received guidance from both the New York State Division of Housing and Community Renewal (DHCR) and the United States Department of Housing and Urban Development (HUD) indicating that federal regulation of the building would preempt the New York Rent Stabilization Law (RSL) (Administrative Code of City of NY § 26-501 et seq.) and Rent Stabilization Code (RSC) (9 NYCRR § 2520 et seq.) until at least April 1, 2026 (see 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 164 AD3d 411, 413 [1st Dept 2018]). On August 2, 2018, in a related action this Court held that the building would no longer be subject to rent stabilization as of April 12, 2011, when the original HUD loan matured (id. at 414). In deciding a subsequent appeal in the related action, this Court found "sufficient evidence to raise an issue of fact of whether defendant," among other things, "tampered with a recertification process provided for under the [HUD] Use Agreement . . . for the purpose of improperly raising rents at Use Agreement 'Market' rates far higher than the Use Agreement 'Contract' rates" (435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 510 [1st Dept 2020]).
Supreme Court properly declined to impose a rent freeze during the period from April 12, 2011 to August 2, 2018 (the Interim Period), since a landlord's treatment of [*2]its building in a manner consistent with ultimately erroneous departmental guidance may serve as a defense to certain sanctions imposed for noncompliance with the RSL and RSC (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 358 n 9 [2020]).
Supreme Court erred, however, to the extent it permitted defendant to avail itself of luxury or high-rent vacancy deregulation based on records concerning the Interim Period (see Matter of AEJ 534 E. 88th, LLC v New York State Div. of Hous. & Community Renewal, 194 AD3d 464, 470-471 [1st Dept 2021]). First, the import of DHCR's 1999 opinion letter was that the building was subject to rent regulation in the absence or at the expiration of federal preemption, and under our previous decision defendant cannot now dispute that "the building was subject to the Rent Stabilization Law as of April 12, 2011" (435 Cent. Park W. Tenant Assn., 164 AD3d at 414). Whether RSC 2526.1 (a) (3) (iii) (as plaintiffs contend) or RSL 26-512 (b) (3) and RSC 2521.1 (j) (as defendant contends) apply, all contemplate the initial or first post-exemption tenancy as one subject to rent stabilization (see RSL 26-512 [b] [3] ["The initial regulated rent . . ."]; RSC 2521.1 [j] ["the initial legal regulated rent shall be . . ."]; RSC 2526.1 [a] [3] [iii] ["the legal regulated rent . . ."] [emphasis added]; see also Gordon v 305 Riverside Corp., 93 AD3d 590, 592 [1st Dept 2012]). It is undisputed that no tenants during the Interim Period were provided with rent stabilized leases. In any event, luxury deregulation "was never automatic, even before the HSTPA" (AEJ 534 E. 88th, LLC,194 AD3d at 471; see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, — NY3d —, 2024 NY Slip Op 06377, *11 [2024] ["pre-HSTPA, the RSL did not require immediate deregulation upon the statutory conditions for luxury deregulation being met"]), and the record reflects that no party, including defendant, conceived of the building as being luxury deregulated at that time.
Defendant's reliance on decisions rendered in the wake of Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) does not detract from this conclusion. Of these cases, defendant relies principally on Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 108-110 [1st Dept 2017], lv dismissed 30 NY3d 961 [2017]). There, like Roberts cases generally, the apartment was treated as luxury deregulated in real time (see id.; see also e.g. Regina, 35 NY3d at 350 ["Each of these cases involves an apartment that was treated as deregulated consistent with then-prevailing DHCR regulations and guidance before this Court rejected that guidance in Roberts"]; Roberts, 13 NY3d at 282 ["At some point . . . , MetLife, with DHCR's approval, began charging market-rate rents for those rental units in the properties where the conditions for high rent/high income luxury decontrol were met"] [internal citation [*3]omitted]). Accordingly, unlike here, the initial deregulations occurred under contemporaneous DHCR oversight, and tenants had an opportunity to challenge increases or individual apartment improvements (IAIs) as they occurred (see e.g. Matter of Park, 150 AD3d at 108-110).
In nonfraud cases, the base date rent is generally the amount tenants were actually paying on the base date (i.e., four years prior to initiation of the claim) (Sandlow v 305 Riverside Corp., 201 AD3d 418, 420 [1st Dept 2022]). Supreme Court thus erred to the extent it reconstructed the legal rent using evidence concerning possible increases from before the base date. The overcharge claims for apartment 1B, for example, were improperly dismissed following calculations based on respective 16.5% and 18% vacancy increases in 2012 and 2013, both of which predated the February 28, 2015 base date. To the extent the court artificially increased the base date rents based on such pre-base date reconstruction, as it did with apartments 1B, 3F, and 5P, these increases were improper (see AEJ 534 E. 88th, LLC, 194 AD3d at 472-473). Accordingly, the matter is remanded for a proper analysis of the base date rents.
Considering the above, the parties' arguments as to whether defendant's "documentary evidence" affirmative defense adequately asserted luxury deregulation (see CPLR 3018 [b]; Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 683 [1st Dept 2011]; see also e.g. Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 79-80 [1st Dept 2015]; Ryan v Kellogg Partners Inst. Servs., 79 AD3d 447, 448 [1st Dept 2010], affd 19 NY3d 1 [2012]) are therefore moot.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025